GEORGE BOWKER, trustee, *vs.* MARTHA A. PIERCE & others.

Essex.   Nov. 6, 1880. — Jan. 17, 1881.   ENDICOTT, J., absent.

An agreement made by a trustee with his *cestui que trust*, in regard to the amount of compensation he shall receive for his care of the trust property, is not invalid, if the *cestui que trust* is *sui juris* and competent to act, and no fraud is practised or undue advantage taken; and such agreement should be taken into consideration by the Probate Court in determining the amount the trustee is entitled to charge.

A trustee under a will, who, in good faith and in the exercise of a sound discretion, decides to retain an investment made by the testator in stock of a railroad corporation, when it is gradually falling in value in the market, is not responsible for the depreciation, although the stock becomes worthless.

APPEAL from a decree of the Probate Court, allowing the third account of the appellee, as trustee of certain property given by the will of Daniel Stoddard for the benefit of the daughters of the testator.   Hearing before *Colt*, J., who was of opinion that the decree should be affirmed, but, at the request of the appellants, reported the case for the consideration of the full court; such decree to be entered as law and justice might require.   The facts appear in the opinion.

*A. C. Goodell, Jr.*, for the appellants.

*C. Sewall*, for the appellee.

MORTON, J.   One of the appellants, Martha A. Pierce, filed as one of her reasons of appeal that the amounts charged by the trustee for his compensation are excessive.   It appeared at the hearing that the appellant and her sister Elizabeth, the other *cestui que trust*, had great confidence in the appellee and a strong preference for him as trustee, and Elizabeth agreed, in consideration of his assuming the trust, that he should receive for his services three hundred dollars a year, and the appellant ratified this agreement.

Such an agreement with *cestuis que trust*, who are *sui juris* and competent to act, is not invalid, if made without fraud or any undue advantage taken of them, and may and should be considered by the court in determining the compensation which the trustee is entitled to charge.   In this case, the amounts charged as compensation by the trustee are much less than the agreement contemplated; they are clearly not exorbitant or unconscionable,

and we are of opinion that, under these circumstances, the appellant cannot object to them and that they should be allowed. We need not, therefore, consider whether, under the St. of 1877, *c.* 199, § 3, the appellant can be permitted to reopen the former accounts of the trustee, to any, and if any, to what, extent.

The other reason of appeal filed by all of the appellants raises the question whether the trustee should be charged with the depreciation in value of twenty-nine shares of the capital stock of the Eastern Railroad Company, which at the time of his appointment was a part of the trust estate. In the leading case of *Harvard College* v. *Amory,* 9 Pick. 446, the rule in this Commonwealth was held to be that " all that can be required of a trustee to invest is, that he shall conduct himself faithfully and exercise a sound discretion. He is to observe how men of prudence, discretion and intelligence manage their own affairs, not in regard to speculation, but in regard to the permanent disposition of their funds, considering the probable income, as well as the probable safety of the capital to be invested." This rule has been reaffirmed by numerous decisions since. *Brown* v. *French,* 125 Mass. 410, and cases cited.

In the case before us, it appeared that the shares of the Eastern Railroad Company were purchased by the testator before his death, and when they came into the hands of the trustee were appraised at par. The railroad company met with reverses so that it paid no dividends after July 1873, and the value of its stock gradually decreased until it became nearly worthless, and the appellant Martha A. Pierce and her husband, before and after September 18, 1874, requested the trustee to sell the stock and to convert the same into more profitable securities, but he declined to do so, upon the ground that in his judgment it would be a great sacrifice to sell at that time.

In determining whether he would sell this stock, all that was required of the trustee was that he should act with good faith and in the exercise of a sound discretion. It is not contended by the appellants that he acted in bad faith. It seems to us from the evidence reported that he acted throughout with an anxious desire to do what was for the best interests of the *cestuis que trust.* He was placed in unexpected and embarrassing circumstances. The railroad company, which had been considered

strong and safe, met with reverses, became embarrassed, and its stock was gradually falling in the market. It appeared in evidence that he made inquiries and investigations, and was informed that the directors had made a statement that the road was in good order and that they saw no reason why a dividend could not be paid in January 1876, and was also informed that one of the directors, and the treasurer, had advised their friends to buy the stock, and had said it was a good investment at sixty dollars per share. We can now see that it would have been wiser to sell the stock. But in judging his acts we should put ourselves in his position at the time. He was considering the question, not whether he should invest in this stock, but whether he should sell the stock bought by the testator, upon a falling market. The evidence shows that he in good faith made investigations, sought information from trustworthy sources, and acted upon such information according to his best judgment. We are of opinion that the presiding justice who heard the case rightly found that, under the circumstances, the trustee acted in good faith and with the sound discretion which the law required of him.

*Decree affirmed.*