NATHANIEL THAYER & another, trustees, *vs.* FRANCIS H. DEWEY, guardian *ad litem.*

Worcester. January 5, 1904. — February 24, 1904.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND & LORING, JJ.

*Trust*, Duties of trustee as to investments.

In this Commonwealth the only rule as to the duty of trustees in making investments is that they should act in good faith and exercise a sound discretion.

Although the investment of trust funds in the purchase of real estate in another State would not be the exercise of a sound discretion by trustees without some good reason to justify the investment, yet where the trust fund is very large and only a small part of it is invested in such real estate, and where it is found expressly that the investment " will not cause any loss to the estate, and that the trustees acted in good faith and with sound discretion ", an appeal from a decree allowing the investment in an account of the trustees will not be sustained.

APPEAL from a decree of the Probate Court for the county of Worcester allowing a certain item in an account of the trustees under the will of Nathaniel Thayer, late of Lancaster.

At the hearing of the appeal before *Braley*, J., the appellant relied solely on the ground that the trustees had no legal right or power to invest the funds of the trust in real estate outside of the Commonwealth, and asked the justice to rule that for this reason the investment should be disallowed. The justice refused to rule as requested, and ordered a decree to be entered affirming the decree of the Probate Court. At the request of the appellant, he reported the case for determination by the full court, such decree to be entered as law and justice might require.

*F. H. Dewey,* guardian *ad litem, pro se.*

*R. Olney & J. R. Thayer,* for the trustees.

KNOWLTON, C. J.   The trustees in this case invested more than $200,000 in the purchase of real estate in Chicago, and the question is whether this investment shall be allowed in their account.

The rule in this Commonwealth governing trustees in making investments has often been stated and is well established. They are bound to act in good faith and to exercise a sound discretion. *Harvard College* v. *Amory,* 9 Pick. 446. *Amory* v. *Green,* 13 Allen, 413. *Brown* v. *French,* 125 Mass. 410. *Bowker* v. *Pierce,* 130 Mass. 262. *Hunt, appellant,* 141 Mass. 515. *Dickinson, appellant,* 152 Mass. 184. *Pine* v. *White,* 175 Mass. 585. *Green* v. *Crapo,* 181 Mass. 55.

The appellant contends that an investment in real estate outside of the Commonwealth should not be sustained unless, first, the trust funds are so invested when they come into the custody of the trustee, in which case he may be justified in retaining the investment; second, the will authorizes or instructs the trustee to make such an investment; third, in certain rare and exceptional cases when such an investment may be necessary or required to protect or secure other investments or interests involved in the trust fund.   The rule in some other States is substantially in accordance with this contention. *Ormiston* v. *Olcott,* 84 N. Y. 339. *Rush's estate,* 12 Penn. St. 375, 378. *Ex parte Copeland,* Rice Eq. (S. C.) 69.   *McCullough* v. *McCullough,* 17 Stew. (N. J.) 313.   But in these States trustees are limited more strictly in their power to make investments than they are limited by our rule in Massachusetts.   In *Amory* v. *Green,* 13 Allen, 413, trustees were authorized to invest in real estate for a homestead for the *cestui que trust* in another State, because the authority given by the will was broad enough to justify it.   In many other cases investments in stock and bonds of great corporations organized and doing business in other States have been approved, where it appeared that the investment was made in good faith, and in the exercise of a sound discretion, according to the standard of other men of prudence, discretion and intelligence in the management of their own affairs in regard to the permanent disposition of their funds with a view to prob-

able income as well as the probable safety of the capital to be invested. In these cases the stocks and bonds were such as are often sold, and have a recognized market value, away from the place where the corporation is established or where its property is located.

There is a grave objection to the investment of a trust fund in the purchase of real estate in a foreign State, where the property is beyond the jurisdiction of our courts and is subject to laws different from our own. On this account it would not be within the exercise of a sound discretion to make such an investment without some good reason to justify the choice of it. Ordinarily it is very desirable that investments which have a local character, like the ownership of real estate, should be within the jurisdiction of the court that controls the trust. But in this Commonwealth there is no arbitrary, universal rule that an investment will not be approved if it consists of fixed property in another State.

In the present case it is said that the trust fund is very large, and that this is but a very small part of the whole, and it is expressly found that the investment " will not cause any loss to the estate, and that the trustees acted in good faith and with sound discretion." The only objection made at the hearing was that the trustees had no legal right to make an investment in real estate located outside of the Commonwealth. The appellant's contention, if sustained, would call for the establishment of an arbitrary rule which is inconsistent with the general rule as to trustees' investments heretofore existing in this Commonwealth.

*Decree of Probate Court affirmed.*