The Town of Butternut vs. O'Malley and another.

———————

THE TOWN OF BUTTERNUT vs. O'MALLEY and another.

*October 12 — November 10, 1880.*

COUNTY BOARDS: TOWNS. *(1) Power of county boards in abolishing towns, etc. Substitution of new plaintiff in place of abolished town. (2) Power to employ counsel: costs.*

1. After a judgment in favor of the town of L. against one O. had been affirmed here, the proper county board, by ordinance, abolished the town of L., attaching its territory to the towns of A. and B., and provided that the town of B. should be the successor of the town of L. in pending actions by the latter against O., and as to all judgments and other proceedings in such actions. The circuit court, to which the action had been remitted, then made an order substituting the town of B. as plaintiff therein. *Held,* no error.
2. The town of B. had authority to employ *counsel* to procure such substitution (R. S., sec. 819), and is entitled to *costs.*

APPEAL from the Circuit Court for *Ashland* County.

Defendants appealed from an order substituting the town of Butternut for the town of La Pointe as plaintiff in this action.

The cause was submitted on the brief of *J. J. Miles* for the appellants.

*W. F. Vilas* and *J. H. Knight,* for the respondent.

COLE, J. This is an appeal from an order of the circuit court substituting the town of Butternut as plaintiff in the action in the place of the supervisors of the town of La Pointe. The occasion or necessity for such substitution will appear on

reference to the case of *Sup'rs of La Pointe v. O'Malley*, in 47 Wis., 332. After the judgment in favor of La Pointe in the cause had been affirmed, the county board, by ordinance, vacated and abolished the town of La Pointe, attaching the territory which had theretofore constituted that town to the towns of Ashland and Butternut. The ordinance provided that the town of Butternut should be the successor of the town of La Pointe in the actions in the circuit court pending and prosecuted by and on behalf of the town of La Pointe against *O'Malley and another* to recover moneys due said town, and of all judgments and other proceedings in such actions. The validity of this ordinance was sustained by this court in the case above cited, where it was held that the ownership of the judgment, and the right to appeal from any proceeding therein, had become entirely vested in the town of Butternut. Now, it is very obvious that unless we are prepared to recede from that decision, the order here appealed from must be affirmed, because it is strictly in conformity to that adjudication. We see no reason whatever for changing the decision made.

The learned counsel for the defendants takes some objections to the order, all of which we deem untenable. Both the propriety and necessity of the substitution have already been considered and decided. Counsel suggest that the town board of Butternut had no authority to employ counsel to procure its substitution as plaintiff in the action. But section 819, R. S., to which he refers, gives that authority in the clearest terms. This court has also held that, by force of the ordinance, the town of Butternut became the successor in interest of the town of La Pointe in the action. It is quite unnecessary to again state our reasons in support of these views after what is said in the above case. The right of the town of Butternut to recover costs follows as a logical result from that decision.

*By the Court.*— Order affirmed.