Knight vs. The Town of Ashland.

*September 29 — October 14, 1884.*

*Vacation of town: Apportionment of liabilities: Powers of county board: Succession to contract obligations.*

1. A county board exercising legislative powers in the vacation of a town may apportion the property and charge the liabilities of such town to the towns to which its territory is annexed, in such manner and proportion as may seem just.

2. An attorney rendered services to the town of L. in prosecuting an action against the town of A., under a contract providing that if $10,000 was recovered, or if the action was discontinued by the town, he should receive $5,000. While that action was pending on an appeal the county board vacated the town of L. and annexed a part of its territory to said town of A., making the latter the successor of the town of L. so far as said action was concerned.

After the decision of the appeal, which established the right of the town of L. to recover $10,000, the town of A. obtained an order dismissing the action. *Held*, that said attorney might recover for his services from the town of A.

3. The ordinance vacating the town of L. provided that the amount justly due for such services should be determined by a referee named, but the town of A. refused to consent to its being so determined when the attorney proposed to submit the question to the referee. *Held*, that the attorney might recover the amount due under the original contract with the town of L.

APPEAL from the Circuit Court for *Ashland* County.

The following statement of the case was prepared by Mr. Justice TAYLOR, as a part of the opinion:

This action is brought by the appellant to recover for professional services in commencing and prosecuting an action at law, in which the town of La Pointe, in the county of Ashland, was plaintiff, and the present respondent was defendant. The subject of the controversy in that action was the sum of $10,000, which it was claimed belonged to the said town of La Pointe, but which had been wrongfully paid over by the county treasurer of Ashland county to the town treasurer of the town of *Ashland*, and used by the town of *Ashland* for town purposes. The $10,000 was a. part of the sum of $24,592 which had been received from the commissioners of school and university lands for drainage fund receipts from June 1, 1871, to May 31, 1872, by the county treasurer of Ashland county. The $10,000 was paid to the town of *Ashland* in October, 1872. The town of La Pointe claimed that under the law of the state the whole of the $24,592 belonged to it, and that no part of it belonged to the town of *Ashland;* and that the order of the county board of Ashland county, directing the treasurer of the county to pay that sum to the town of *Ashland*, was illegal and void. In order to recover this money from the town of *Ashland*, the town of La Pointe, by its board of supervisors, employed the plaintiff in this action to institute and prosecute an

action or actions against the town of *Ashland;* and the parties entered into a written contract, in regard to the prosecution of said action or actions, fixing the compensation which this plaintiff should receive for his services in that matter. The following is a copy of the contract referred to:

"This agreement, entered into this 5th day of March, A. D. 1878, between the town of La Pointe, in Ashland county, state of Wisconsin, represented by John W. Bell, Joseph Denommie, and John Morrison, the supervisors of said town of La Pointe, and for and on behalf of said town of the first part, and *John H. Knight,* attorney at law, of Bayfield, in Bayfield county, state of Wisconsin, of the second part, witnesseth: That the said parties of the first part, for said town of La Pointe, hereby retain and employ the said party of the second part to commence such proceedings, suits, or actions at law as he may deem necessary, and to take charge of and conduct, as the attorney of said town of La Pointe, such proceedings, suits, or actions at law in such manner as he may deem best, to recover of the town of *Ashland,* in said Ashland county, or such officers thereof as may be liable therefor, certain moneys paid by the town treasurer of said town of La Pointe to the treasurer of said town of *Ashland,* in the years 1872 and 1873, amounting to about $13,500, and which said moneys were converted to the use of said town of *Ashland.* And the said supervisors of said town of La Pointe, and for and on behalf of said town, agree and bind said town to pay, or cause to be paid, to the said *John H. Knight* the sum of $5,000 for commencing and conducting such proceedings, and for bringing and conducting such suits or actions as he may deem necessary to recover said sum of money, or such portion thereof as may be recoverable: provided, always, that the sum of $10,000 shall be recovered as aforesaid; and in case a less sum than $10,000 shall be recovered by such proceedings,

suits, or actions, then and in that case the compensation of said *John H. Knight* for his said services shall be one half of the amount so recovered; and in case no part of said moneys shall be recovered, then and in that case the said *John H. Knight* shall not be entitled to receive any compensation for his services.

"And the said supervisors of said town of La Pointe, and for and on behalf of said town, hereby agree and covenant, to and with the said *John H. Knight*, his heirs and assigns, that the proceedings commenced and undertaken by him, or the suits and actions at law commenced by the said *John H. Knight* to recover the aforesaid moneys, or any part thereof, shall not be discontinued, suspended, interrupted, or prejudiced in any manner by said town of La Pointe, or the supervisors thereof, without the consent of the said *John H. Knight*, his heirs or assigns; and it is further agreed and covenanted, to and with the said *John H. Knight*, his heirs and assigns, by the said supervisors of said town of La Pointe, and for and on behalf of said town, that if the said proceedings, suits, or actions shall in any manner be prejudiced, interrupted, suspended, or discontinued, or the matters therein involved, settled or compromised by the said town of La Pointe, or by any officer of said town on behalf of said town, then and in that case the said sum of $5,000 shall become due and payable to *John H. Knight*, his heirs and assigns, for which payment, well and truly to be made, the said supervisors of said town of La Pointe, and for and on behalf of said town, hereby agree and bind said town. Nothing herein shall prevent the said *John H. Knight* associating with him, in the proceedings, suits, or actions at law aforesaid, such persons as associate attorneys or assistants as he may desire, but the service of such persons so associated with him shall not be paid by said town of La Pointe in addition to the sum of money hereinbefore agreed to be paid said *John H. Knight*. The said *John H. Knight* agrees to accept

the foregoing conditions, and to undertake the recovery of the moneys aforesaid upon the conditions and terms hereinabove set forth.

"In witness whereof, the said John W. Bell, Joseph Denommie, and John Morrison, supervisors of the town of La Pointe, as aforesaid, and for and on behalf of said town, and the said *John H. Knight*, have each hereunto set their hands and seals the day and date hereinabove first written."

This contract was ratified at the annual town meeting of the electors of said town, and the plaintiff was directed by the electors to proceed against the town of *Ashland.* An action was commenced by the plaintiff, in which the town of La Pointe was plaintiff and the town of *Ashland* was defendant, for the recovery of said $10,000, and interest. A complaint was filed and served, setting out the claim of the town of La Pointe against *Ashland.* To such complaint the town of *Ashland* demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The circuit court sustained the demurrer, and the town of La Pointe appealed to this court. Upon such appeal this court held that the complaint stated a good cause of action in favor of the town of La Pointe against the town of *Ashland* for the $10,000, and reversed the order of the circuit court. The complaint in that action is set out in substance in the case of *Town of La Pointe v. Town of Ashland*, 47 Wis. 251. While that action was pending in this court, and on the 17th day of June, 1879, the county board of Ashland county, by ordinance duly passed and published, abolished the town of La Pointe and divided its territory between the towns of *Ashland* and Butternut, and by section 9 of the ordinance it made the town of *Ashland* the successor of the town of La Pointe as to the action then pending between said towns. Said section 9 of the ordinance reads as follows:

"The town of *Ashland* is hereby constituted and made the

successor of the said town of La Pointe of the action now pending in the circuit court of Ashland county, brought by the said town of La Pointe against said town of *Ashland* for the recovery of certain drainage moneys alleged to have been received by said town of *Ashland* in the year 1872, and James O. Raymond is hereby appointed referee to determine the amount equitably and justly due *John H. Knight*, attorney of the town of La Pointe, for his services in the said action, and the amount so decided by said referee as the amount which ought in justice to be paid said attorney shall be the sum due and owing to him for his said services, and shall be paid to him out of any moneys belonging to said late town of La Pointe, and the treasurer of Ashland county is hereby authorized and directed to pay said sum so determined to be due said attorney out of any moneys which shall come into his hands from the assets of said town: provided, said attorney shall accept the same in full satisfaction of all his claims for his said services under his contract with said town of La Pointe, and file with said treasurer his written cancellation of said contract."

After this ordinance was passed, the record of the case of *Town of La Pointe v. Town of Ashland* was remitted to the circuit court of Ashland county by the clerk of this court, and, after filing of said *remittitur* and record in said court, the town of *Ashland* moved said court to dismiss said action. This motion was founded upon a resolution of the town board of *Ashland*, the affidavit of one of its supervisors, and a copy of section 9 of the ordinance above quoted. The resolution of the town board of *Ashland* is as follows:

"CIRCUIT COURT, ASHLAND COUNTY.

"*Supervisors of the Town of La Pointe, Plaintiff, vs. The Town of Ashland, Defendant.*

"The above-entitled action having been transferred by the supervisors of Ashland county to the town of *Ashland*,

on the vacating the town of La Pointe: Resolved, that the attorneys for the town of *Ashland*, to wit, H. N. Setzer and J. J. Miles, move for the dismissal of the above-entitled action at the first opportunity."

The affidavit of the supervisor reads as follows, after the title of the action: ·

"*State of Wisconsin, Ashland County* — *ss.:* Jacob Wilhelm, being duly sworn, says he is one of the supervisors of the town of *Ashland*, and makes this affidavit in its behalf; that the town of La Pointe has been vacated by the board of supervisors of Ashland county, as affiant is informed and believes, and that the town of *Ashland* was made the successor of said town of La Pointe to the above-entitled action; that on, to wit, the 3d day of January, A. D. 1881, the board of supervisors of the town of *Ashland* adopted a resolution directing its attorneys, H. N.˙ Setzer and J. J.˙ Miles, to move the dismissal of said action at the earliest opportunity; that the board of supervisors of said town of *Ashland* do not wish said action to be prosecuted further."

The section of the ordinance upon which the motion was founded is quoted above. Upon this motion the circuit court of Ashland county made the following order:

[Title of cause.]

"At a general term of the circuit court of the eleventh judicial circuit of the state of Wisconsin, begun and holden within and for the county of Ashland, at the court house in the town of *Ashland*, on the 10th day of January, 1881: Present, Honorable Henry D. Barron, circuit judge, presiding, this 13th day of January, 1881. This case having come before the court on motion of the defendant to dismiss the complaint, said motion being founded on an ordinance of the county of Ashland and the affidavit of J. Wilhelm, on file, and copy resolution of town board, and no one objecting, ordered, that said action is hereby dismissed.

"By the court,

"H. D. BARRON, Circuit Judge."

After the dismissal of said action as above stated, and before the commencement of this action, the plaintiff in this action proposed to submit to James O. Raymond, the person named as referee in said ordinance, the question of the amount equitably due him for his services as the attorney for the town of La Pointe, and the said town of *Ashland* refused to submit such question to said referee, as prescribed by said ordinance. After such refusal on the part of said town, the plaintiff, on March 29, 1881, presented his claim for services in said action to the board of auditors of said town of *Ashland,* duly verified, and said auditors refused to pay the same, or any part thereof. Said board of auditors referred said claim, with all the accompanying papers, to the electors of the town of *Ashland* at its annual town meeting, held on the first Tuesday of April, 1881, and said electors rejected and disallowed said claim, and refused to pay the same.

The foregoing facts are fully and particularly set out in the complaint of the plaintiff in this action, and such complaint further sets out the nature and extent of the services performed by him in the commencement and prosecution of said action, and alleges that the value of said services and the moneys expended by him in and about said business were reasonably worth the sum of $5,000, and demands judgment against the town of *Ashland* for that sum, with interest from January 13, 1881. To this complaint the defendant town filed an answer, which admits all the material facts set up in the complaint except the allegations as to the extent and value of the services, the allegations in regard to the plaintiff's offering to submit the determination of his claim to the referee named in the ordinance, the refusal of the town to do so, and the allegations in regard to the action of the town of *Ashland* in procuring the dismissal of the action of *Town of La Pointe v. Town of Ashland;* and, as a separate answer, the defendant alleged " that the pretended ordinance of the board of supervisors of Ashland county, pur-

porting to vacate the town of La Pointe, was passed by the connivance and consent of the plaintiff, and the pretended order dismissing said cause of the town of La Pointe against the defendant was made at the request of this plaintiff."

Upon these pleadings the case was brought to trial in the circuit court. Upon the trial the plaintiff produced evidence establishing all the facts alleged in the complaint not admitted by the answer, except that he was not permitted to prove the value of his services, the circuit court holding that under the complaint the plaintiff, if entitled to recover at all, must recover his compensation as fixed by the contract, and not upon a *quantum meruit.* No evidence was given on the part of the defendant. After hearing the evidence of the plaintiff the circuit court ordered the plaintiff nonsuited. The plaintiff duly excepted, and upon judgment being perfected he appealed to this court.

*Wm. F. Vilas,* for the appellant.

For the respondent there was a brief by *J. J. Miles* and *J. M. Bingham,* and oral argument by *Mr. Bingham.*

TAYLOR, J. The real question in the case is, Do the facts stated in the complaint constitute a cause of action in favor of the plaintiff against the defendant town? It is not contended by the learned counsel for the respondent but that the plaintiff would have been entitled to recover under his contract the stipulated $5,000, had the town of La Pointe continued in existence, and that town had, without the consent of the plaintiff, discontinued its action against the town of *Ashland.* There could certainly be no doubt as to his right in such event had he demonstrated that by the prosecution of the action the town of La Pointe would have been entitled to recover the $10,000 and interest. This, we think, was settled by this court in the case of *Ryan v. Martin,* 16 Wis. 57. Indeed, it is not claimed by the learned counsel for the respondent that the contract between the plaintiff

and the town of La Pointe is unlawful or void for any reason; but it is claimed that the present defendant is in no way obligated to pay the claim of the plaintiff, not being a party to the contract, and no service having been performed by the plaintiff for or on its behalf. It is very clear that no claim can be established against the defendant town in favor of the plaintiff unless he has acquired a right to make such claim under and by virtue of the ordinance of the county board vacating the town of La Pointe and distributing its territory to the towns of *Ashland* and Butternut, and the other provisions of said ordinance in respect to this action and the other property of the said town of La Pointe.

We think there can be no doubt as to the power of the legislature or of the county board, exercising the legislative powers conferred upon it by the general statutes under the constitution, to create a liability on the part of the town of *Ashland* to pay this plaintiff for his services in the action of the town of La Pointe against said town of *Ashland*, upon the dissolution of said town of La Pointe and the annexation of a part of its territory to the town of *Ashland*, and especially upon its transferring to *Ashland* the claim which the town of La Pointe held and was prosecuting to recover. Indeed, if the compensation under said contract had been earned when the town of La Pointe was vacated, so as to have been a claim actually due from said town to the plaintiff, then the authorities are that the simple vacation of the town by legislative authority, and the attachment of its territory to the town of *Ashland* and the town of Butternut, would, without any further legislative direction, have rendered the towns of *Ashland* and Butternut liable to the plaintiff for the debt due him from La Pointe, the vacated town. This was expressly so held by the supreme court of the United States in *Mount Pleasant v. Beckwith*, 100 U. S. 514. In that case the court say: "When a municipal corporation is legislated out of existence, and its territory

Knight vs. The Town of Ashland.

annexed to other municipal corporations, the latter, unless the legislature otherwise provides, become entitled to all its property and immunities, and severally liable for a proportionate share of all its then subsisting legal debts, and vested with its powers to raise revenue wherewith to pay them by levying taxes upon the property transferred and the persons residing thereon."

In the opinion in that case Justice CLIFFORD says: "Corporations of this kind are composed of all the inhabitants of the territory included within the political organization, each individual being entitled to participate in its proceedings; but the powers of the organization may be modified or taken away, at the mere will of the legislature, according to its own views of public convenience, and without any necessity for the consent of those composing the body politic. Corporate rights and privileges are usually possessed by such municipalities; and it is equally true that they are subject to certain legal obligations which may be increased or diminished at the pleasure of the legislature from which all these powers are derived." Again, in speaking of the legislative power to alter, vacate, and change the boundaries of towns and other municipal corporations, he says: "Old towns may be divided and new ones incorporated out of parts of the territory of those previously organized, and, in enacting such regulations, the legislature may apportion the common property and the common burdens, and may, as between the parties in interest, settle all the terms and conditions of the division of their territory or the alteration of the boundaries, as fixed by any prior law. . . . When one town is, by a legislative act, merged in two others, it would doubtless be competent for the legislature to regulate the rights, duties, and obligations of the two towns whose limits are thus enlarged; but if that is not done, then it must follow that the two towns succeed to all the public property and immunities of the extinguished town. . . .

In such case, if no legislative arrangements are made, the effect of the annulment and annexation will be that the two enlarged corporations will be entitled to all the public property and immunities of the one that ceases to exist, and that they will become liable for all the legal debts contracted prior to the time when the annexation is carried into operation."

The doctrine of this case, that in the vacation of a town the legislature has the power to apportion the property, and charge the liabilities of the vacated town upon the town or towns to which the territory of the vacated town is annexed, in such manner and proportion as may seem just to the legislature, seems to be well established by authority. *Thompson v. Abbott*, 61 Mo. 176, 177; *Borough of Dunmore's Appeal*, 52 Pa. St. 374; *Olney v. Harvey*, 50 Ill. 453; *Morgan v. Beloit*, 7 Wall. 613, 617. The general power of the legislature to apportion the property and the liabilities of a vacated town among the towns to which its territory is attached, is recognized by this court in the case of *Town of Depere v. Town of Bellevue*, 31 Wis. 120, 125; *Goodhue v. Beloit*, 21 Wis. 636; and *La Pointe v. O'Malley*, 47 Wis. 332; *Butternut v. O'Malley*, 50 Wis. 333. This court held, in *La Pointe v. O'Malley, supra*, that the county board of supervisors had all the powers of the legislature in regard to the vacation of towns and the annexation of the territory to other towns, and in such case could distribute the property of the vacated town to the towns to which the territory of the vacated town was attached, in such manner as the board deemed best for the public interest. Had there been a debt due to the plaintiff, for his services performed in said action, from the town of La Pointe, when that town was vacated, we would have no difficulty in holding that, under section 9 of the ordinance which transferred the benefits of that litigation to the town of *Ashland*, there would have been a clear intention on the part of the board of

Knight vs. The Town of Ashland.

supervisors to charge such town with the payment of such debt.

Does it alter the case because the debt was not due? We are inclined to hold that it does not. The plaintiff had performed valuable services under his contract for the town of La Pointe. He had, in fact, procured the judgment of this court that his client was entitled to recover the $10,000, with the interest, from the town of *Ashland;* and the facts proved upon the trial of the action at bar show the right of the town of La Pointe to recover the $10,000 and interest. At this point the legislative power steps in and annihilates his client, and, in effect, releases the town of *Ashland* from any further liability to his client for said $10,000; but the legislative authority recognizes the fact that the plaintiff has performed valuable services under his contract with his client which it wipes out of existence; and in the same act says, in substance, that the town of *Ashland*, which, by its legislation, is to be benefited, not only by receiving a part of the territory of plaintiff's client, but also by being relieved from its obligation to pay the $10,000 and interest, the subject of the litigation in which his services have been performed, shall pay for such services. Had the ordinance simply said that the town of *Ashland* should pay the plaintiff for his services in said action, there can be no doubt as to the obligation on the part of the town of *Ashland*, especially after it had accepted those provisions of the ordinance favorable to itself. After the town of *Ashland* accepted the provisions made for its benefit, it became the successor of the town of La Pointe, for all the purposes of that litigation, and took the place of said town as a party to the contract between it and the plaintiff; and having refused to settle the claim of the plaintiff under his contract in the way designated in the ordinance, the plaintiff was at liberty to treat the town of *Ashland* as a substituted party in his contract made with the town of La Pointe, and, after the

town of *Ashland*, as the successor of the town of La Pointe, had discontinued the action without his consent, to maintain his action to recover the stipulated sum of $5,000 for his services.

The intent to charge the town of *Ashland* for the services of the plaintiff is clear. It is true that the ordinance directed that the amount of such service should be ascertained in a particular way. The plaintiff was willing they should be so ascertained, but the town refused to consent to their ascertainment in that way. By such refusal the plaintiff is remitted to his rights under his contract, and may recover the stipulated $5,000 for the breach by discontinuing the same without his consent. Justice and fair dealing require that the plaintiff should have pay for his services. The action of the county board has recognized that fact, and placed the liability for such payment upon the town of *Ashland*, where, under all the circumstances, it clearly belongs.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for further proceedings.