KNIGHT, Respondent, vs. THE TOWN OF ASHLAND, Appellant.

*January 13 — February 2, 1886.*

*Attorney and client: Discontinuance of action by vacation of plaintiff town by county board: Consent of attorney.*

An attorney rendered services to the town of L. in prosecuting an action against the town of A., under an agreement providing that if the action was discontinued without his consent he should receive

$5,000. While the action was pending the county board 'passed an ordinance vacating the town of L., annexing a part of its territory to the town of A., and making the latter the successor of the town of L. so far as said action was concerned. The town of A. then procured an order dismissing the action. In the absence of any proof that the passage of said ordinance was brought about by a conspiracy between said attorney and members of the county board, in order to effect a discontinuance of the action and enable the attorney to recover said $5,000, it is *held* that no evidence of his mere consent to the passage of the ordinance, or to the entry of the formal order dismissing the action, would defeat the attorney's right to recover said sum from the town of A.

APPEAL from the Circuit Court for *Ashland* County.

The facts will sufficiently appear from the opinion herein and from the report of the former appeal, in 61 Wis. 233. Upon the second trial of the action the court directed the jury to return a verdict for the plaintiff for $5,000, with interest from March 29, 1881. From the judgment entered on such verdict the defendant appealed.

The cause was submitted for the appellant on the brief of *J. J. Miles*, and for the respondent on that of *J. O. Hayes*.

TAYLOR, J. This case has been before this court on appeal heretofore, and the decision of this court will be found in 61 Wis. 233. Upon the former appeal this court held that the respondent was entitled to recover against the town of *Ashland* the sum of $5,000 upon his contract made . with the town of La Pointe, which said last-named town had been abolished previous to the full performance of said contract on the part of said *Knight*, and its territory attached to the town of *Ashland* by the board of supervisors of the county of Ashland; and that the liability of said town of La Pointe to said *Knight*, upon said contract, had been fixed by the order of said board upon said town of *Ashland*.

The evidence in the former case was no stronger in favor

of the plaintiff than in the case now before the court on this appeal. On the former appeal this court remarked: "It is not contended by the learned counsel for the respondent [the town of *Ashland*] but that the plaintiff would have been entitled to recover under his contract the stipulated $5,000, had the town of La Pointe continued in existence, and that town had, without the consent of the plaintiff, discontinued its action against the town of *Ashland.*" This remark is based upon certain provisions in the contract between *Knight* and the town of La Pointe. The provisions in said contract upon which this remark was founded are: "That in case no part of said moneys [referring to the moneys to recover which the action was instituted] shall be recovered, then and in that case the said *John H. Knight* shall not be entitled to receive any compensation for his services." Another provision reads as follows: "And said supervisors of said town of La Pointe, for and on behalf of said town, hereby agree and covenant to and with the said *John H. Knight,* his heirs and assigns, that the proceedings commenced and undertaken by him, or the suits and actions at law commenced by the said *John H. Knight* to recover the aforesaid moneys, or any part thereof, shall not be discontinued, suspended, interrupted, or prejudiced in any manner by said town of La Pointe, or by the supervisors thereof, without the consent of the said *John H. Knight,* his heirs and assigns; and it is further agreed and covenanted to and with the said *John H. Knight,* his heirs and assigns, by the said supervisors of said town of La Pointe, .    . that if said proceedings, suits, and actions shall in any manner be prejudiced, interrupted, suspended, or discontinued, or the matters therein involved settled or compromised by the said town of La Pointe, or by any officers of said town on behalf of said town, then and in that case the said sum of $5,000 shall become due and payable to the said *John H. Knight,*" etc.

On the former appeal this court held that the town of *Ashland* had, by virtue of the order of the board of supervisors of the county of Ashland abolishing the town of La Pointe, pending the action instituted by said *Knight* under said contract for said town of La Pointe against the town of *Ashland* to recover the moneys mentioned in said contract, assumed the liability of the town of La Pointe to said *Knight* upon said contract; and it also appearing that the town of *Ashland*, as the successor of the town of La Pointe, had caused said action of said town of La Pointe against the town of *Ashland* to be dismissed, the said *Knight* could recover against said town of *Ashland* the money agreed to be paid to him by the said town of La Pointe under and by virtue of said contract in case of discontinuance of said action without his consent. On the last trial there was some attempt made to prove that *Knight* consented to the ordinance of the county board abolishing the town of La Pointe, and that he also consented to the order of the court dismissing the action of *La Pointe v. Ashland*.

We do not think there is any evidence in the case sufficient to establish the fact that *Knight* consented to the dismissal of the action of *La Pointe v. Ashland* in any such way as to forfeit his right to recover upon the contract with said town. The order or ordinance of the county board is a legislative act, and it cannot be affected either by the consent or non-consent of *Knight*, who was a citizen of said county. The act must be presumed to have been done in the interest of the public, and for the public welfare. There certainly is no evidence in the case which entitled the defendant to have submitted to the jury the question whether the passage of said ordinance by the county board was brought about by a conspiracy between *Knight* and the members of the board to effect a discontinuance of said action of the town of *La Pointe v. Ashland*, so as to enable *Knight* to recover his $5,000 upon the con-

tract with said town of La Pointe without any further prosecution of said action. Certainly nothing less than proof establishing such fact could avail the town of *Ashland* as a defense to this action, if such proof would so avail in its behalf.

By the passage of the ordinance in question abolishing the town of La Pointe it was impossible for the respondent *Knight* to proceed further in the action of *La Pointe v. Ashland.* The ordinance was an abatement of that action, and no further proceeding could be had therein until the party to whom the rights of the town of La Pointe involved in said action had been transferred by such ordinance should be substituted as plaintiff in the place of said town of La Pointe. See *Supervisors of La Pointe v. O'Malley,* 47 Wis. 332, 339, 340. The subsequent procurement of an order of the court by the town of *Ashland* dismissing said action was a mere formal entry of a dismissal of the action, which had been most effectually dismissed by the passage of the ordinance abolishing the plaintiff therein and transferring its rights to the defendant in that action. The consent or non-consent of the respondent, *Knight,* to the entry of such order could be of no efficacy whatever.

We think the circuit court was right in directing a verdict for the respondent.

*By the Court.*— The judgment of the circuit court is affirmed.