JOHN RICHARDSON, *administrator upon the estate of* STEPHEN MERRILL *v.* JOHN N. TRUE, *Apt.*

*Compensation of executors and administrators.*

An executor or administrator is entitled to an allowance against the estate for his time and services in taking care of the property of the estate, so long as it remains under his management, and he is accountable for it in that capacity, although the use of the property was bequeathed to another, who during all the time had the income of it.

APPEAL from an allowance of an administrator's account. The following facts were found and reported by a commissioner to whom it was referred by the county court.

Stephen Merrill, by his will executed on the 16th day of March, 1836, gave to his wife, Abigail Merrill, all of his household furniture, and the use and improvement during her natural life, of all his real and personal estate, except a legacy of five hundred dollars, to be paid to his daughter, Louisa M. Merrill, when she arrived at the age of eighteen; and what remained of his property after the decease of his wife, he gave to his children and grandchildren. He died July 30th, 1842, and his will was proved and allowed on the 13th of September, 1842. By this will his widow, Abigail Merrill, was appointed executrix, but she declined the trust, and on said 13th of September, 1842, John Richardson was appointed administrator, with the will annexed. Said Richardson settled his administration account before the probate court, October 12th, 1843, when there was found in his hands the sum of twenty-four hundred and twenty-six dollars eighty-two cents in money and notes due said estate, also about seven hundred and fifty dollars worth of real estate, and a small amount of personal property not sold.

He made a further settlement of his account as administrator October 21st, 1854, when he presented the following account, which was allowed by the probate court.

"*Estate of Stephen Merrill, deceased, to John Richardson,     Dr.*

"1844. To trouble, time and care in collecting and loaning money
          "belonging to said estate, and paying out the same $10 00
"1845         "         "         "         "         15 00
"1846         "         "         "         "         10 00
                                                    —————
                                                    $35 00

Amount brought forward, $35 00

" 1847 To trouble, time and care in collecting and loaning

"money belonging to said estate, and paying out the same 15 00

| " 1848 | " | " | " | " | 15 00 |
| " 1849 | " | " | " | " | 14 00 |
| " 1850 | " | " | " | " | 10 00 |
| " 1851 | " | " | " | " | 15 00 |
| " 1852 | " | " | " | " | 15 00 |
| " 1853 | " | " | " | " | 15 00 |
| " 1854 | " | " | " | " | 15 00 |

" $149 00

He had taken charge of said estate from the settlement October 12th 1843 to October 21st, 1854, loaned said money, collected and paid the interest annually to Abigail Merrill, the widow of said Stephen Merrill. He did not keep an account of the time spent, but made the charge at the end of each year, of all but the last four or five items, which he made at the time of the settlement before the probate court, in October, 1854. He paid the taxes as administrator, and Mrs. Merrill paid the amount of said taxes to him annually ; and paid him the sum of two dollars, annually, for the trouble of carrying her interest to her, and paying the taxes. Said Richardson, some time between the settlement October 12th, 1843 and the settlement October 21st, 1854, sold a sleigh and harness for fourteen dollars, for which sum he held a note ; the interest on said note he had annually paid Mrs. Merrill, but the same was omitted, by mistake, in the settlement made October 21st, 1854. There was no controversy about this item before the probate court, or any other, except for the administrator's services, in taking care of said estate. The sum charged and allowed by the probate court was reasonable for the time spent and trouble and care of the said Richardson, who spent time enough to amount to that sum, if it had been charged for by the day.

The appellant contended that all said Richardson's account for services should be disallowed against the estate, and that the same should be paid by Abigail Merrill, widow of said Stephen Merrill, she having had the use of said estate during all the time for which said charges were made.

The county court, January Term, 1856,—UNDERWOOD J., presiding,—rendered judgment, on the report of the commissioner, for the appellant, disallowing the administrator's charges for his services, on the ground that, in justice and equity, as well as at law, the expense of managing the property, the use of which was given to the widow during her life, should, during that time, be a charge on that use, instead of a charge upon the estate, and be borne by the widow instead of the estate. To this decision the administrator excepted.

*Peck & Colby* for the administrator.

To throw this charge upon the widow's interest would be inequitable.

The settled rule in equity is to charge a trust fund with the expense of its management, and for which the trustee has a lien on the fund. Hill on Trustees 570. *Warrall* v. *Harford* 8 Vesey 8.

*W. Hebard* for the appellant.

Whatever expense is incurred, in taking care of the property, should be paid by the party for whose benefit it is done.

1. The will made the widow the executrix, and she could no more enlarge the use or benefit to be derived from her legacy, than she could enlarge the legacy itself.

2. If she had accepted the trust of executrix, as the testator designed that she should, and which was a qualification of the bequest, she could not have charged for taking care of the personal property, any more than she could for taking care of the real estate.

3. The term *use* implies that the fund is to be kept good and not be encroached upon. If the doctrine contended for prevails, the result might be that the whole principal would be absorbed.

4. If the widow is entitled to the interest of the money, without being at any trouble or expense of looking after it, upon the same principle she might claim the whole produce of land, without being at the expense of collecting it. This is not claimed.

5. The widow paid for collecting and bringing the interest to her.

That is all, in point of fact, that there was to do, but the administrator has charged and been allowed for something more.

Why should she not pay for keeping and exchanging the notes, as well as pay for collecting the interest? There is no doubt that she should do both.

The opinion of the court was delivered by

BENNETT, J. The only material question in the case is in relation to the allowance of the account of the administrator. The testator, Stephen Merrill, died leaving a will by which, after giving to his widow all his household furniture absolutely, and a legacy of five hundred dollars to his daughter Louisa, he gave to his widow the use and improvement of all the rest of his real and personal estate during her natural life and all that should remain at her decease he gave to his children and grandchildren. The widow was appointed executrix under the will, but she having refused to act as such, administration was committed to John Richardson, with the will annexed. It appears that in the month of October, 1843, Richardson rendered to the court of probate his administration account, which was allowed to him, and there then was found a balance in his hands of some twenty-four or five hundred dollars in money and notes, some personal property which had not been sold, and a small amount of real estate. This property remained in the hands of John Richardson quite a number of years, and it is for taking charge of this property subsequent to the rendition of his account in 1843, that the charges are made. We see no sufficient reason why the administrator should not have his account allowed him, against the estate. The administrator, with the will annexed, had the property in his hands in trust, and in the character of administrator; and as such was liable, at all times, to be called to an account for it before the probate court. It is a very common chancery principle that the expense of taking care of a trust fund is to be paid out of the fund, and it is often said the trustee has a lien upon it for the payment of his account. So with executors and administrators; they are entitled to have all accounts, allowed them as such, paid out of the funds in their hands; and we see no reason why this case should be made an exception. If those in interest saw fit to permit the property to remain in the care and custody of the administrator, and thereby have the security of his administration bond for a final accounting

°for the property, he certainly should be allowed for his administration account in managing the property. If, from the payment of this account out of the common fund, equities arise between those entitled to the fund, they must be adjusted between themselves. The commissioner finds that the sum allowed the administrator by the probate court was reasonable for the time, care and trouble expended by him, and that time enough was expended to have the account amount to the sum allowed by the court of probate, at the rate of compensation fixed by the statute for executors and administrators per day. It has been frequently decided, in this state, that a charge in gross by an administrator does not, as matter of law, furnish a reason why the charge should not be allowed, although gross charges may be the subject of severe scrutiny.

The administrator should clearly account for the fourteen dollars which he received upon the sale of the sleigh and harness belonging to the estate, and, by mistake, not accounted for in his previous account.

The judgment of the county court is, then, reversed with costs, and judgment rendered in this court in conformity to the judgment of the court of probate.