(January 16, 1896.)

## HAMPTON v. COMMISSIONERS OF LOGAN COUNTY.
### [43 Pac. 324.]

CONTRACT — QUANTUM MERUIT — COUNTY COMMISSIONERS. — Services rendered under a void contract with a board of county commissioners cannot be recovered for in an action upon *quantum meruit.*

APPEAL FROM SPECIFIC PART OF JUDGMENT.—The provisions of our statutes permitting an appeal from "any specific part" of a judgment does not extend to a money judgment for a definite sum.

APPEAL—RECORD—ERRONEOUS JUDGMENT.—When the appeal to this court brings up the whole record, and it is apparent therefrom that an erroneous judgment has been rendered by the court below, such judgment will be reversed.

(Syllabus by the court.)

APPEAL from District Court, Blaine County.

Texas Angel and H. S. Hampton, for Appellant.

The board of county commissioners of Logan county, disallowed the claim of appellant against Logan county for services as attorney for Logan county, amounting to $3,692, as shown by the itemized bills appearing in the transcript. The case was tried in the district court without a jury, and judgment was entered in favor of appellant for the sum of $832, and against him for any greater amount. From that portion

of the judgment adverse to appellant he appeals to this court, on the ground that the decision is not supported by the evidence. The findings show, generally, that all the services charged for in these various items of account were actually performed by appellant on behalf of Logan county; but that they were performed under and by virtue of a certain contract for a salary of $2,000 per annum, which said contract has been declared void by the supreme court of Idaho, in the case of *Meller v. Board of County Commissioners of Logan County*. There can be no doubt but the services in the district court were such as the board had a legal right to contract for. Section 1757, subdivision 13, Revised Statutes of Idaho, settles that point beyond any question. (*Hornblower v. Duden*, 35 Cal. 664; *Smith v. Mayor of San Francisco*, 13 Cal. 533; *Scollay v. Butte Co.*, 67 Cal. 249, 7 Pac. 661; *Lassen v. Shinn*, 88 Cal. 510, 26 Pac. 365.) Of course an executory contract, made without authority cannot be enforced; but a different question arises where the contract has been executed, and a corporation has received the benefit of it. In such a case the law imposes an estoppel and will not permit the invalidity of the contract to be called in question. (*Brown v. City of Atchison*, 39 Kan. 37, 7 Am. St. Rep. 515, 17 Pac. 465; *New Athens v. Thomas*, 82 Ill. 259; *Hitchcocks v. City of Galveston*, 96 U. S. 350; Boone on Corporations, sec. 101; *Mound City v. Snoddy*, 53 Kan. 126, 35 Pac. 1112; *City of Elsworth v. Rossiter*, 46 Kan. 237, 26 Pac. 674; *Bellevue Water Co. v. City of Bellevue*, 3 Idaho, 739, 35 Pac. 693; *Pixley v. W. P. R. R. Co.*, 33 Cal. 193, 91 Am. Dec. 623.) "In employing counsel the board acts as a corporation, and, like other corporations, may employ agents or attorneys without making such employment a matter of record; but this must be done as the concurrent act of a majority of the board at a legal session." (4 Am. & Eng. Ency. of Law, 383, 397; *Dunlap v. Water Commrs. of Erie*, 151 Pa. St. 477, 25 Atl. 60; *McCabe v. Commrs.*, 46 Ind. 380; *Jordan v. Osceola Co.*, 59 Iowa, 388; 13 N. W. 344; *Bridges v. Clay*, 58 Miss. 817.) There is no statute in this state prescribing any form or mode of contracting by or with a county. The powers of the board, under our statute, are of the most general and ample nature. (Idaho Rev. Stats., secs. 1730, 1731, 1733, 1759, subd. 22.)

Attorney General George M. Parsons and N. M. Ruick, for Respondent.

On the thirteenth day of January, 1893, the board of county commissioners of Logan county, pursuant to an order of said board previously made, entered into a contract in writing with appellant, Hampton, whereby the latter was to act as attorney and legal adviser of said county for a period of two years, for which service he was to receive $2,000 per annum, payable quarterly. On October 21, 1893, this contract was spread upon the minutes, and the same was, then and there by said board, ordered "recognized, ratified and confirmed as the unanimous action of the board at their regular session in January, 1893." Appellant prosecutes an appeal to this court, professedly from a part of the judgment only, but as respondent claims, in effect, from the entire judgment. The notice of appeal does not follow the language of the judgment in any particular, and is broad enough to bring the judgment in its entirety before the court for review. Independent, however, of the notice of appeal, the power and authority of this court "to review any decision of the district courts or the judges thereof" is conferred by the constitution and statutes of this state. (Idaho Const., art. 5, sec. 9; Idaho Rev. Stats., sec. 3818; *City of Boise v. Water Co.,* ante, p. 392, 39 Pac. 566.) All the duties which the appellant was required under the contract to perform, as well as all those which he claims to have performed (with the possible exception of attending upon preliminary examinations), are among the official duties imposed by law upon the district attorney or attorney general. The statute having so provided, the power of the board to employ other counsel was limited to cases of necessity, "which necessity must have been apparent." (Idaho Rev. Stats., sec. 1759, subd. 13; Const., art. 18, sec. 6.) The position which appellant was called upon by the contract to fill, being in effect an office unknown to the constitution or statutes of this state, the action of the board in its attempted creation was void and the county is not liable for services. (Dillon on Municipal Corporations, 4th ed., sec. 230; *Meager v. County of Story,* 5 Nev. 244, 250; *City of Central v. Sears,* 2 Colo. 588.)

HUSTON, J.—The board of commissioners of Logan county in 1893 made a contract with the plaintiff by which they agreed to employ, and did employ, him as the attorney of said county, to act as the legal adviser of the board of commissioners of said county, and to attend to all litigation in which said county was interested, both in the district court for said county, and in the supreme court of the state. This court, in the case of *Meller v. Board,* ante, p. 44, 35 Pac. 712, affirming the judgment of the district court, declared said contract null and void. The plaintiff thereafter presented an itemized bill for his services rendered under said contract to said board, which bill was disallowed by said board, and from which action of the board plaintiff appealed to the district court for said Logan county. The aggregate of plaintiff's bill so, as aforesaid, presented to the board of commissioners was the sum of $3,642, as appears by the record. Of this sum the district court, on appeal from the board, allowed the sum of $832, and affirmed the action of the board as to the residue. From this action of the district court this appeal is taken.

It is contended by the plaintiff that, notwithstanding the contract under which the services were performed was null and void, still, as the services were performed by him at the request of the board, he is entitled to his compensation therefor, upon a *quantum meruit,* as both the constitution and the statutes of this state authorize the employment of counsel other than the district attorney by the board of commissioners, "when necessary." In *Meller v. Board, supra,* this court held that, before a board of county commissioners can employ counsel as provided in the constitution and statutes, the necessity therefor must be apparent. The discretion given to the board by the constitution is not an arbitrary, limitless discretion, to be controlled only by the caprice of the board, or a majority of its members, but is rather a discretion to be exercised under, and with due regard to, the provisions of the statutes. Section 18 of article 5 of the constitution, in making provision for the election of district attorneys, and defining their duties, provides that the district attorney shall "perform such duties as may be prescribed by law." First Session Laws 1890-91, section

3, page 47, title "District Attorneys—Duties," provides as follows: "It is the duty of the district attorney: 1. To prosecute or defend all actions, applications or motions, civil or criminal, in the district court of his district in which the people or the state, or any of the counties of his district, are interested or a party; and when the place of trial is changed in any such action or proceeding to another county, he must prosecute or defend the same in such other county; 2. To give advice to the board of county commissioners and other public officers of his district, when requested in writing, in all public matters in which the people or the state or counties of his district are interested, or relating to the discharge of the official duties of such boards or officers," etc. First Session Laws of 1890-91, page 47, section 2, amending section 2051 of the Revised Statutes, provides that whenever, from any of the causes therein mentioned, the district attorney is incapacitated for, or unable to attend to, his duties in the district court, such court may appoint some suitable person to act in his place for the time being, and such person so appointed "may receive such compensation as the court may allow, out of the salary of the district attorney, for all services by him performed." Now, do these statutes mean anything, or are they mere "sound and fury, signifying nothing"? It seems to me, the object and purpose of these statutes is palpable. They were not passed upon the eve of an election, and cannot, therefore, be considered as the *nudum pactum* pledges and promises of a political platform. They are the solemn acts of the legislative power of the state. They were enacted under, and are in conformity with, the provisions of the constitution. The intent and object are palpable and unequivocal. But it is contended the constitution provides that "the county commissioners may employ counsel when necessary." (Const., art. 18, sec. 6.) And this provision, it is claimed, invests the commissioners with plenary powers, in the exercise of which they may nullify, abrogate or ignore any and all provisions of the statutes enacted by the legislature for the economical and proper conduct of the affairs of the state and the counties thereof. Under the "divine right of kings," as arrogated by the house of Stuart, they were not more lawless, and disregardful of the

people's rights, than have been some of the boards of county commissioners of this state in the assumption of what they claim to be their powers under the constitution. In an honest and laudable effort to reduce the expenses of the state and the counties to the lowest figure consistent with a proper and efficient administration of the affairs of the state and the counties, the makers of the constitution fixed therein the compensation to be allowed to the various state and county officers. But some of the boards of county commissioners have practically ignored such provisions, and have, in innumerable, instances, assumed to allow to various county officials compensation double, and sometimes quadruple, that limited and allowed by the constitution and the statutes. Take the case under consideration. The evident purpose and intent, both of the constitution and the statutes, was that the counties should be put to no expense on account of attorney's services, beyond that of district attorney, but having in view the fact that each district was composed of several counties, an emergency might arise where the interests of the county or the people might require other legal services than those of the district attorney; and it was in anticipation of, or to meet, such a contingency, that the provision above referred to was incorporated in the constitution. And the case under consideration is an apt and instructive illustration of how little regard has been paid by boards of county commissioners of this state to the provisions of the constitution and the statutes. Under the necessity clause of the constitution, the board of commissioners have, it is claimed, assumed to incur an indebtedness against said county of $4,142 for legal services for about three-quarters of a year—a compensation in excess of that received by both the attorney general and the district attorney for the same period, and for the performance of duties which the law expressly imposes on said officers. Surely there should be some means of putting a stop to such a reckless, extravagant and illegal disposition of the money of a tax burdened and financially depressed people. We are apprehensive that the majority of taxpayers do not realize the importance of the office of county commissioners, or have a sufficient appreciation of the extent of the powers with which such officers are in-

vested under the law. Much of the indebtedness of the counties of this state is attributable either to the malfeasance or mis-feasance of these officers. We think that before the authority given to county commissioners by section 6, article 18 of the constitution can be exercised, the necessity which authorizes it must not only be apparent, but the facts creating such neces-sity must be made a matter of record by the board. The rule in California, given in *Hornblower v. Daden,* 35 Cal. 664, that "the judgment and discretion of boards in the exercise of this power are not open to review by the courts," is not recognized by this court. (*Meller v. Board, supra.*)

The plaintiff cannot recover in this case upon any implied contract to pay for services, for the reason that there was no authority vested in the board to make the contract under which the services were performed. (*Perry v. Superior City,* 26 Wis. 64.) The doctrine that if a municipality obtain the money or property without authority of law, it is her duty to make restitu-tion or compensation, not from any contract entered into by her on the subject, but from the general obligation to do justice which binds all persons, whether natural or artificial, does not apply here. The plaintiff was especially presumed to know the law. He is presumed to know that, for any services rendered by him under such a contract as was entered into by himself and the board of commissioners, he could not recover. If the board were not originally authorized (as they were not) to make the contract, no liability can attach upon any ground of implied contract. (15 Am. & Eng. Ency. of Law, 1084, and cases cited: *Argenti v. San Francisco,* 16 Cal. 255.)

The appellant's claim, as filed with and disallowed by the board of county commissioners, was for $3,642. Plaintiff had, besides, received $500 for services in the year 1893; $4,142 charged to a county with a voting population of seven hundred and eighty-eight, according to the returns of the last election—a little over five dollars per capita of the voting population of the county—for services which the law had already provided for, and which the taxpayers of the county and state had al-ready paid for. Verily, such an exhibition of patriotic solici-tude for the public weal makes the chasm of Curtius a mere gopher hole!

We infer from the argument of counsel for appellant that he assumes that this court will not review the judgment or the record, so far as it is in his favor. In this he is wrong. This appeal is from the judgment, not from the findings of fact. The judgment is an entirety—a money judgment for a definite sum. Our statutes which permit an appeal from a final judgment, "or any specific part thereof," do not contemplate an appeal from "a part" of a money judgment for a definite sum. This appeal brings the whole record before us for review. The most careful and studious examination of the record has failed to show us any legal grounds upon which the judgment of the district court can be sustained. The record shows—in fact, it is conceded—that all the services for which claims were presented to the board were rendered under the void contract. Upon what theory, consistent with legal principles, the district court could segregate the amounts and allow some and disallow others, we are unable to divine. It was really but one cause of action. There could be no segregating of items, as the fatal objection permeated the whole. Either the appellant was entitled to all he claims under the contract, or he was entitled to nothing. Under the rules of law as recognized by the authorities we have cited, we are satisfied he was entitled to nothing. The judgment of the district court is reversed, and the cause remanded to the district court, with instructions to enter an order affirming the order of the board of commissioners.

Morgan, C. J., and Sullivan, J., concur.

## ON PETITION FOR REHEARING.

HUSTON, J.—We have examined the petition for a rehearing in this case. There is nothing in it. It is a mere repetition of the argument and a recitation of the authorities presented at the hearing. Simply stated, the case is this: The constitution of the state provides for a district attorney for each of the several districts of the state. The statutes prescribe the duties of such officer, and fix the amount of his compensation. They also provide for the appointment of a substitute or deputy when the district attorney is, for any cause, incapacitated for the

performance of the duties of his office, and also for the compensation of such substitute or deputy. The constitution also provides for the office of attorney general, prescribes his duties, and fixes his compensation. The constitution prohibits the legislature from creating any county office not provided for in the constitution. In the face of all these constitutional provisions and statutory enactments, the plaintiff entered into a contract with the commissioners of Logan county whereby and under which he was to act as county attorney for said county, and also perform all the duties of the attorney general in cases where said county was interested, for a period of two years, for which he was to receive from said county a compensation exceeding that of both the district attorney and the attorney general. The provision of the constitution authorizing boards of county commissioners to employ counsel when necessary does not apply to this case. The contract was set aside by this court, and now the plaintiff seeks to recover as upon an implied contract. The proposition is simply monstrous, in its absurdity. No authority has been, nor can be, produced to sustain such a contention.

The petition for a rehearing is denied.

Morgan, C. J., and Sullivan, J., concur.