(February 1, 1897.)

RAVENSCRAFT    v.    BOARD    OF    COMMISSIONERS BLAINE COUNTY.

[47 Pac. 942.]

UNDERTAKING ON APPEAL.—Under act of March 6, 1895, no undertaking on appeal from an order made by a board of county commissioners to the district court is required, nor in such case on appeal from the district court to the supreme court.

PRACTICE—STATEMENT OF PROCEEDINGS, WHEN REQUIRED TO BE PUBLISHED.—Statement of proceedings required to be published by act

of March 6, 1895, does not limit the time within which an appeal from an order of a board of county commissioners can be taken, unless the business of the session of such board has been completed, and the session finally adjourned.

EMPLOYMENT OF ASSISTANT COUNSEL BY COMMISSIONERS.—Where the validity of an act creating a county is to be litigated, the board of commissioners of such county, in the exercise of a reasonable discretion, may employ private counsel to assist the attorney general in guarding the interests of the county in such litigation.

(Syllabus by the court.)

APPEAL from District Court, Blaine County.

A. F. Montandon, for Appellants.

Boards of county commissioners being courts of most limited jurisdiction, jurisdiction must affirmatively appear. It will not be presumed. (*Gorman v. Board,* 1 Idaho, 553, 556, 558; *City of Ottawa v. Carey,* 108 U. S. 110, 2 Sup. Ct. Rep. 361; *Barnett v. Denison,* 145 U. S. 135, 12 Sup. Ct. Rep. 819; *Glass v. Ashbury,* 49 Cal. 571; *McCoy v. Bryant,* 53 Cal. 247, 249; *Herzo v. San Francisco,* 33 Cal. 134; Hawes on Jurisdiction of Courts, sec. 257, and note 4; Freeman on Judgments, secs. 517-519, 521, 522; Wharton's Civil Evidence, sec. 1310; Lawson's Presumptive Evidence, 27-33.) The necessity to employ counsel is a prerequisite to the power to the board to employ, and is jurisdictional. (Freeman on Judgments, sec. 117, and note 4; *Pryor v. Downey,* 50 Cal. 388, 400-408, 19 Am. Rep. 656; *Murphy v. Montandon,* 3 Idaho, 325, 35 Am. St. Rep. 279, 29 Pac. 851.)

S. B. Kingsbury and Lyttleton Price, for Respondent.

Boards of county commissioners are invested by law with power to act in matters pertaining to the duties imposed upon them by law. This is jurisdictional. It does not depend upon how they act, whether rightly and legally or otherwise. It is their authority to act at all. Among the many authorities defining jurisdiction, the case of *Sherer v. Superior Court,* 96 Cal. 653, 31 Pac. 565, is cited as giving the accepted meaning and exemplifying an application analogous to the case at bar. In *Laws v. Harlan County,* 12 Neb. 637, 12 N. W. 114, a question almost identical with the one at bar was presented. The point

was that there was no allegation as to the "necessity" of employing an expert to examine the county books. The court held that the order employing an expert was the finding of the necessity.

QUARLES, J.—In March, 1895, the board of county commissioners of Blaine county, by resolution then entered of record in the record of proceedings of said board, decided to employ the respondents, Johnson & Johnson, as counsel and attorneys for Blaine county, "to advise, counsel and direct, and, if necessary, manage and conduct suit for said county, in and about the organization of said county, and maintaining and enforcing the law creating said county, and that for said services they be paid a retainer of $1,000, and a reasonable fee for services," etc. The respondents accepted employment under said resolution, whereupon said resolution (if said board of county commissioners had the power to make it) became an executory contract. The record shows that respondents, acting under said employment, and acting in the interest of Blaine county, and for the purpose of determining the validity of the act creating said Blaine county, rendered professional services in this court in the case of *Bellevue Water Co. v. C. O. Stockslager,* and in the case of *Wright v. Kelley et al.,* both of which were brought to test the constitutionality of the said act creating Blaine county. Respondents presented their claim for said services in the sum of $1,000, which claim was duly verified; and on January 22, 1896, said board allowed the said claim of respondents to the extent of $750, and disallowed the residue thereof. The January meeting of the said board of commissioners was commenced at the time appointed therefor by law, and the record shows that adjournment of said meeting was had from time to time. The said board, on one or more occasions, adjourning over for more than one day; i. e., January 24th "adjourned to February 5, 1896, at which time they propose to complete the business of the term," until April 1, 1896, when the said board adjourned *sine die.* On the eighth day of May, 1896, the appellants, as taxpayers of said Blaine county, filed with the clerk of said board of commissioners a notice of appeal from the order of said board allowing in part the claim of respondents, as afore-

said, to the district court of the fourth judicial district in and for Blaine county. This appeal came on for hearing before said district court, and the respondents there appeared, and moved to dismiss the appeal, on the ground that "said appeal was not taken within the time allowed by law, and was not taken within twenty days after the first publication of the statement giving notice to the public of all of its acts and proceedings done at its regular session beginning January 13, 1896," which motion was by said district court denied, to which ruling respondents excepted, as shown by bill of exceptions appearing in the record in this case; and, for the same reason, the respondents moved to dismiss the appeal in this court. The motion to dismiss the appeal and the case on its merits were heard together, and we are now called upon to decide both the motion to dismiss and the case on its merits.

It appears from the record that a brief statement of all the acts and proceedings of said board of commissioners from January 13, 1896, to January 24, 1896, inclusive, was published in the issues of February 1 and February 8, 1896, of the "Ketchum Keystone," a newspaper published at the village of Ketchum, in Blaine county; that the heading to said statement was in words as follows, to wit: "Report of regular session of county commissioners held at Hailey, January 13, 1896"; and in said statement the following language was contained: "The following bills were allowed on general fund: Johnson & Johnson, legal services, supreme court, $750." Respondents contend that the twenty days' time within which to take an appeal from the order complained of to the district court commenced on the first day of February, 1896, the day on which said statement was first published, as aforesaid. This contention is not correct. The statement which paragraph 19 of section 1759 of the Revised Statutes, as amended by act of March 6, 1895, authorizes, should be published at the final adjournment of the "meeting," "session" or "term" of the board, and after all of the business of the term has been completed. The word "session," as used in the statute, is synonymous with "term"; and the said statement should not have been published till after the "term" was adjourned *sine die*. The statement published in the "Ketchum

Keystone" was premature, and not sufficient. We are not advised whether such statement was published at the adjournment of the January term, 1896, of said board of commissioners, as would "give notice to the public of all its acts and proceedings," as required by the act above cited, or not. But this does not affect the question before us. Any person aggrieved by an order or proceeding of a board of county commissioners may appeal therefrom, within twenty days after first publication or posting of the statement required by said statute. He need not wait until the statement has been published or posted, but may take his appeal forthwith. But the board could not prevent an appeal from an order made by it, by failing, either intentionally or otherwise, to cause the statement required to be published or posted, as required by the statute.

Respondents also contend that the appeal herein to this court should be dismissed, for the reason that no undertaking on such appeal was given. Prior to the passage of the act of March 6, 1895, no appeal in a case of this kind could be taken to this court. The different provisions of the act, *supra,* provide for an appeal to this court, and a careful consideration of all of the provisions of said act convinces us that it was the intention that the practice on appeal from the decision of the district court, to this court, subject to the rules adopted by this court, should be the same as on appeal to the district court, and that no undertaking on appeal is necessary in either case, unless, for reasons mentioned in the statute, the court should require such undertaking. The motion of respondents to dismiss this appeal is therefore denied.

Appellants do not contend that the amount allowed by the board of county commissioners to respondents was excessive, but insist that the said board had no jurisdiction to employ said respondents for the following reasons, to wit: 1. The record of said board of commissioners does not show that said employment of respondents was necessary; 2. The said board should have relied upon the attorney general and the district attorney, instead of employing private counsel.

As to the first point, this court held in *Hampton v. Board,* 4 Idaho, 646, 43 Pac. 326, and which is relied on as supporting appellants' contention, as follows: "We think that, before the

authority given to county commissioners by section 6, article 18, of the constitution can be exercised, the necessity which authorizes it must not only be apparent, but the facts creating such necessity must be made a matter of record by the board." This rule is complied with in the case at bar by the record of the county commissioners showing the facts that the very existence of Blaine county was involved; that the constitutionality of the act creating Blaine county was to be litigated, and was litigated, in the highest court in the state. Thus, the record shows "the facts creating" the necessity for the employment of counsel by the board of commissioners of Blaine county.

But it is contended by the appellants that the district attorney of the fourth judicial district, Blaine county, being in said district, was the legal adviser of said board, and that the said board should have relied upon said district attorney, or, in any event, have looked to the attorney general for counsel and assistance in said litigation. It was not the duty of the said district attorney to represent the county of Blaine in said litigation in this court. Owing to the vast importance of the questions at issue in said litigation, involving, as it did, the legal existence of the county, said board of commissioners were justified in employing the services of eminent counsel to look after the interest of their county, and, in the exercise of reasonable discretion, they might employ such counsel to assist the attorney general in litigation wherein the legal existence of the county was in issue and to be determined. The district court properly affirmed the order of the board of county commissioners, and the decision of the district court appealed from is hereby affirmed, without costs.

Sullivan, C. J., and Huston, J., concur.

ON REHEARING.

(February 24, 1897.)

QUARLES, J.—Since filing the opinion in this case, the appellants have filed petition for rehearing. We have carefully examined appellants' petition for rehearing, and find nothing, either in the way of argument, or by way of authority,

not considered by us on the hearing of this appeal. The petition is merely the statement of the opinion of counsel for appellants adverse to the opinion of this court, and in criticism thereof. For the reason that it presents no new argument, and nothing new in the way of citation of authority, the petition should not be considered. But the seriousness of counsel in his contention that we misunderstood the facts that appear in the record in this case has induced us to carefully consider the record again, notwithstanding the fact that this cause was fully and ably argued by counsel on both sides on the hearing.

The record in this case shows that the existence of Blaine county was in question, or that a contention existed as to the validity of the act creating Blaine county, and that this controversy was to be settled, and that the respondents, Johnson & Johnson, were selected by the board of commissioners as counsel to represent Blaine county in the prosecution or defense of suits for said county, in order to maintain and enforce the law creating said county. Counsel for appellants contends that the board of commissioners should have shown by their record that such suit had actually been commenced, before it could employ counsel. It was important for many reasons that the controversy aforesaid should be settled, and we think that the county of Blaine could, acting by its board of commissioners, under the constitution, employ counsel to represent it, either in bringing, or for the purpose of defending, a suit to be thereafter brought, to settle a controversy then in existence. That such controversy did exist at the time the board of commissioners employed the respondents is abundantly shown by the record in this case. We think it sufficiently appears by the record of said board of commissioners. And it further appears in the record of this case that the attorney for appellants and other citizens of Blaine county realized the existence of the controversy aforesaid, and for this reason the present counsel for the appellants went to the said board of commissioners, and tendered his services in said controversy free of charge. This action of the learned counsel for appellants, we think, shows that he thought it necessary that private counsel should look after the interests of Blaine county

in said controversy in addition to the district attorney. The said board of commissioners possibly acted on the idea that the cheapest counsel is not always the best or most efficient. The board of commissioners are authorized to employ private counsel when necessary. The question of such necessity, as well as the selection of such counsel, is a matter of discretion with the board of commissioners, and it does not appear in this case that such discretion was abused. A rehearing is denied.

Sullivan, C. J., and Huston, J., concur.