(May 6, 1898.)

## ANDERSON v. SHOSHONE COUNTY.

[53 Pac. 105.]

COUNTY COMMISSIONERS—EMPLOYING COUNSEL FOR COUNTY.—On an appeal from the action of a board of county commissioners in employing counsel to represent the county in litigation instituted on behalf of the county, no abuse of discretion by the board appearing, their action will not be disturbed.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

W. B. Heyburn, E. M. Heyburn, and L. A. Doherty, for Appellant.

The sole question to be decided here is whether or not the board of county commissioners of Shoshone county had the authority to make the order appealed from. The right of a county to employ counsel is expressly conferred by the constitution and laws of Idaho. Article 18, section 6, of the constitution, reads, *inter alia,* as follows: "The county commissioners may employ counsel when necessary." Subdivision 13 of section 1759 of the Revised Statutes of Idaho (1887), defining the duties of county commissioners, gives them power "to direct and control the prosecution and defense of all suits to which the county is a party in interest, and employ counsel to conduct the same, with or without the district attorney as they may direct. (*Meller v. Board of Commrs.,* 4 Idaho, 44, 35 Pac. 712; *Hampton v. Board of Commrs.,* 4 Idaho, 646, 43 Pac. 324; *Ravenscraft v. Board of Commrs.,* 5 Idaho, 178, 47 Pac. 942.) Under provisions almost identical with our own, this same question, and even the same phases thereof, have been decided by the supreme court of California in exactly the same way as in this court. (*Smith v. Mayor etc.,* 13 Cal. 531; *Hornblower v. Duden,* 35 Cal. 664; *Scollay v. Butte Co.,* 67 Cal. 249, 7 Pac. 661; *Lassen Co. v. Shinn,* 88 Cal. 510, 26 Pac. 365; *Modoc Co. v. Spencer,* 103 Cal. 498, 37 Pac. 483; *Hunt v. Broderick,* 104 Cal. 313, 37 Pac. 1040; *Power v. May,* 114 Cal. 207, 46 Pac. 6; *Merriam v. Barnum,* 116 Cal. 619, 48 Pac. 727; *Lamberson v. Jefferds,* 118 Cal. 363, 50 Pac. 403.)

W. W. Woods, for Respondent, cites no authorities on the point decided not cited by attorneys for appellant.

HUSTON, J.—This is an appeal from a judgment of the district court setting aside and declaring void certain orders of the board of commissioners of Shoshone county, which entered into a contract with W. B. Heyburn, Esq., to perform certain legal services for said county, and provided for his compensation therefor. Appeal was taken by the respondent to the district court from the action of the board, and that court set aside and declared void the orders so made by the board, and from such action and judgment of the district court this appeal is taken. It is not contended by respondent that no necessity for the employment of counsel existed, nor that the same is not made apparent by the records of the board. Neither is it contended that the contract made was an improvident one, nor that the compensation stipulated to be paid was excessive or unreasonable for the services required to be performed. The sole contention of respondent would appear to be that the board, in entering into the contract with Mr. Heyburn, entirely ignored the district attorney of the county, who, by the provisions of the statute (Laws 1890-91, p. 47), "is to prosecute or defend all actions, applications or motions, civil or criminal, in the courts of his district, in which the people of the state, or any of the counties of his district are interested or a party." It seems to us this objection should more properly come from the district attorney himself, but that officer does not seem to have considered himself especially aggrieved by the action of the board; at least, he has made no moan apparent in the record. The act defining the duties of the district attorney (Laws 1890-91, p. 47) neither modifies nor in the least impairs the force of subdivision 13 of section 1759 of the Revised Statutes, defining the powers and prescribing the duties of boards of commissioners, which is as follows: "To direct and control the prosecution and defense of all suits to which the county is a party in interest, and employ counsel to conduct the same, with or without the district attorney, as they may direct." There cannot, we think, be any question but that, under the constitution and laws of Idaho, boards of commissioners of the several counties are empowered to em-

ploy counsel in all litigation in which their county is a party in interest; and in making such employment it is not obligatory upon them to consult the district attorney, although it is eminently proper for them to do so. Still, that they may not have done so is no ground for a reversal of their action. We think this case comes clearly within the rule laid down by this court in *Ravenscraft v. Board,* 5 Idaho, 178, 47 Pac. 942.

A motion to strike out a portion of the transcript in this case was submitted at the hearing. The transcript contains certain papers, which, it is objected, do not appear by the record to have been used on the hearing in the district court. Said papers do not appear in the bill of exceptions, which was settled on March 1, 1898, nor were they filed until March 24, 1898. We do not think these papers are properly in the transcript, and the motion to strike them out is allowed. The judgment of the district court is reversed, and the cause remanded, with instructions to the district court to affirm the order of the board of commissioners. Costs to the appellant, less the printing of eighteen pages of the transcript.

Sullivan, C. J., and Quarles, J., concur.