### . E. HENRY POWELL, special admr., *vs.* CATHERINE A. FOSTER'S ESTATE.

October Term, 1898.

Present: ROSS, C. J., TAFT, ROWELL, TYLER, and THOMPSON, JJ.

Opinion filed January 12, 1899.

*Administrator's Fees—Agreement.*—It is competent for all parties interested in an estate to agree with a proposed administrator that if he will accept the appointment he shall not be limited, in his charges for services, to the statutory fees.

*Administrator's Fees—Agreement.*—Such an agreement means that he shall receive reasonable compensation. and it may be enforced by the probate court upon the settlement of the administrator's account.

*Administrator's Fees—V. S. 5384.*—Our statute fixing the administrator's *per diem* expressly authorizes a larger payment in cases of unusual difficulty and responsibility, and is thus distinguishable from statutes prohibiting the receipt by certain officers of more than statutory fees.

*Special Administrator's Lien for Fees.*—A special administrator holds the estate in trust for whomsoever is entitled to it, and is himself entitled to be compensated from the fund.

*Administrator's Fees Charged in Gross.* — An administrator may be allowed such a sum for services as is found reasonable, although charged in gross, and although there be no express finding that the matters involved were of unusual difficulty or responsibility.

*Administrator's Fees—Services in Another State.*—He may also be allowed for services in looking after lands in another state which came to him through settlement, especially when he acts upon the request of all interested.

*Administrator Need Not Act as His Own Attorney at Law.* — An. administrator, although an attorney at law, is not bound to act as such even in his own defense, but may employ counsel.

*Administrator May Rely on Advice of Legal Counsel.* — Expenses in litigation, incurred by an administrator in good faith upon the advice of eminent counsel, cannot be disallowed because they were in fact unnecessary and the counsel mentally unsound.

*Administrator Must Act with Prudence.* — But the employment of an attorney at law at $10 per day to serve a notice, which might be done as well by a common officer, is not to be allowed on the mere finding of good faith, but requires the additional finding of prudence.

APPEAL from probate. Heard upon the report of a commissioner, at the September term, 1897, Franklin county, *Munson*, J., presiding. The plaintiff's exceptions to the report were sustained, those of the defendant overruled, and judgment was rendered for the plaintiff for $1,710.77. The defendant excepted.

As to the item of $34 paid to A. K. Brown, the commissioner found that the plaintiff deemed it necessary to have personal service made, upon all the heirs, of a petition brought by him for a partial distribution of the estate of George W. Foster, and employed said Brown as a special messenger to obtain their acceptance of service; that in doing so the plaintiff acted in good faith and as he believed for the best interest of the estate. Catherine Foster's estate consisted simply of her interest in the George W. Foster estate.

As to the item of $45, it was found that the estate of Catherine A. Foster was interested in a quarter-section of land in Iowa in possession of a tenant who refused to pay the rent, and at the request of those interested the plaintiff, on a business trip West, left the line of his route and examined the land in question and the law of Iowa as to the title, and that in this matter the plaintiff exercised his best judgment, and that the charge was reasonable.

As to the interpleader, it was found that the contest over the will of Catherine A. Foster lasted nearly five years, and that after the allowance of the will and the qualification of the executors, the plaintiff filed his account, from the allowance of which the executors appealed; that at about the time of this settlement suits were brought against the executors and the plaintiff was summoned as their trustee; that thereupon the plaintiff, being desirous of relief from the trust and from the trouble of litigation, consulted a lawyer of eminence, by whom he was advised to bring a bill of interpleader against the executors and the plaintiffs in that suit, which was accordingly done; but said bill was

dismissed upon demurrer.   It was conceded that the bill of interpleader was unnecessary and would not have been advised by the counsel except for the state of mental disability in which he then was; that the plaintiff acted in good faith and as he believed under competent advice.

*J. Noble Hayes*¹ and *Joel C. Baker* for the defendant.

*Wilson & Hall* for the plaintiff.

Ross, C. J.   While the controversy over the establishment of the will of Catherine Foster was pending, the plaintiff was selected for appointment as special administrator of her estate "by all the parties in interest  .  .  .   because he resided away from the place of contest, and on account of his large business experience and his ability to furnish the bond required."   For the five years during which that controversy was being carried on, the commissioner has found that he, "so far as appeared, managed the property in his hands profitably and to the satisfaction of all interested." When the controversy over the will was ended, the will established, and the executors appointed, the plaintiff presented and had allowed by the probate court his administration account,   From this allowance the executors appealed, mainly, because they claimed that he had overcharged for his services.   For these years he had charged, and was allowed, $150 per year, or $750.   By V. S. 5384, the probate court is authorized to allow him two dollars for each day he was employed on the business of his appointment, and, "in cases of unusual difficulty or responsibility, such further sum as it judges reasonable." The plaintiff's account does not profess to show the number of days he was employed in the matters of his appointment, and the commissioner makes no report in regard to the number of days he was so employed, nor does he report that his employment involved matters of unusual difficulty and responsibility.   Instead, the commissioner reports, "I find that it was not expected, nor understood, at the time

plaintiff was appointed as special administrator that he was to serve for the *per diem* allowed by statute, but that he was to receive reasonable compensation for his services." The appellant contends that this only finds that the plaintiff so understood. We do not think that this is the fair construction of this finding of the commissioner. He says this was the expectation and understanding at the time of his appointment. He was selected and his appointment procured by all interested in the estate. The fair construction of this finding is, that such was the expectation and understanding of all interested in the appointment, or of the plaintiff and of all parties interested in the estate. That this is the construction to be placed on this finding is further manifest from the fact that the commissioner settles the allowance for the plaintiff's services upon this basis alone; and from the further fact, that it does not appear that he was requested by the appellant to settle it upon any other basis.

It objected to these charges on the ground that they were *exorbitant*, because his services were not of unusual difficulty or responsibility. This objection the commissioner answers by stating briefly what services he performed, and finding that the plaintiff's charge therefor is not "unreasonable or exorbitant, and therefore allows the same as charged." For the services of the plaintiff performed after the appeal was taken, the commissioner disallows one hundred dollars of his charges because he considered them unreasonable considering the amount and character of the services.

The defendant further contends that all interested in the estate could not, by agreement with the plaintiff, authorize the probate court, nor the appellate probate court, to allow the plaintiff for services on any other basis than that prescribed by statute. The statute does not, as in the case of a sheriff and some other officers, prohibit the receiving of greater fees. It provides what

they shall be in cases where there is no agreement. In authorizing a further discretionary allowance in cases of unusual difficulty or responsibility the statute, in terms, permits the probate court to allow beyond the *per diem* in such cases, "such further sum as it judges reasonable;" hence it permits all parties interested in the estate, when they desire the appointment of a man of large business experience, to agree with him that he shall be reasonably compensated for his services. By reasonable compensation is meant such as will fairly compensate when the character, effectiveness and ability entering into the service are considered. Such agreement, when reasonable, is allowed between a trustee and the *cestuis que trust. Bowker* v. *Pierce,* 130 Mass. 262. If such agreements are unreasonable in amount, or number of persons employed, they will be disregarded. *Barney* v. *Griffin,* 2 N. Y. 372. In *Hubbell* v. *Olmstead,* 36 Vt. 619, this court upheld and enforced an agreement for payment beyond the statutory fees for this class of services against the party who entered into the agreement. It is contended that this decision does not authorize the probate court to enforce such an agreement in the settlement of the administration account. There is no apparent reason why it should not, when, as in this case, it is only for reasonable compensation, and all parties interested in the estate have entered into it with the executor or administrator. That the charge is a gross sum per year is no reason why it should be disallowed if its reasonableness is established. It may well require the trier to be more careful, and to place upon the plaintiff the burden of fully establishing the reasonableness of his charges. *Evarts.* v. *Nason's Est.,* 11 Vt. 127; *Admr. of Merrill* v. *True,* 28 Vt. 676. The plaintiff, as special administrator, held the estate in trust for whomsoever might be found legally entitled to it. As such trustee, he had the right to be compensated for his services out of the fund. Hence the court administering the fund had the right to

compensate him from it. *Hubbard* v. *Fisher*, 25 Vt. 539. While the precise question now under consideration is not discussed in *Foster's Executrix* v. *Stone, Admr.*, 67 Vt. 336, the services there allowed for were charged in gross, and allowed for because found to be reasonable. This decision permits the probate court in the settlement of the account of a special administrator to allow against the estate such a sum for his services as is found to be reasonable, although charged in gross, and there is no finding that they were of unusual difficulty or responsibility, and no finding of the number of days which was required for their performance. It is also full authority for the allowance of the $45 for time and expenses in looking after lands in Iowa. These lands came to the estate through his settlement with the estate of George W. Foster, and his services were performed at the request of all parties interested, although in another state. Considering that they came to the estate in his charge through a settlement effected by him, it may be questionable whether it was not his duty to care for them without any request from the parties interested in the estate.

The expenses in the bill of interpleader, allowed for, were incurred in good faith on the advice of an attorney of eminent ability, and without knowledge that he was afflicted with any mental disability. It is true they were unnecessary; that the plaintiff could have fully protected himself in the trustee suits; yet under the facts found they were properly allowed under the decision in *Foster, ex.*, v. *Stone, admr.* By the appeal the defendant estate made the employment of some attorney necessary to protect the plaintiff's interests. Although the plaintiff was an attorney it was not his duty as special administrator to act as such even in his own defence. The charges of Wilson & Hall having been found reasonable, we think, were properly allowed. The commissioner has not allowed the plaintiff for any services in connection with this suit, and such

expenses were rendered necessary by the appeal by executors. It is to be presumed that the court in taxing the costs, which are discretionary, will see to it that no costs are allowed which would duplicate any part of this allowance for the services of Wilson & Hall.

The allowance for the item to A. K. Brown does not fall within any well-recognized principle. It is found that, in employing Brown, the plaintiff acted in good faith, in what he believed to be for the best interest of the estate of Catherine Foster. This lacks the essential element that the plaintiff acted therein with prudence. The character of the service to be performed, giving notice to heirs of the pendency of the petition, was such that it could have been performed by any sheriff or officer authorized to make such service, on payment of legal fees. Nothing is disclosed which rendered it prudent to employ an attorney, at the rate of ten dollars per day and expenses, to give such notice. There is no finding that shows how much of this expense would have been incurred if the plaintiff had acted in good faith and with prudence. On the facts reported this item was erroneously allowed. As the item is not large, we do not recommit the case, but disallow the same.

> *Judgment reversed, and judgment for the sum found by the county court increased by $34, with interest. As the costs are discretionary and as neither party sustains his contentions, no costs are allowed in this court. Judgment to be certified to probate court.*

*Taft*, J., dissents.