(December 21, 1926.)

## THOS. BARNARD, WM. FRODSHAM, H. P. FRODSHAM and BERT BLACKBURN, Appellants, v. W. F. YOUNG, HARDY BREDING and PERRY LUSK, as the Board of County Commissioners of Power County, Idaho, Respondents.

·[251 Pac. 1054.]

COUNTIES — COUNTY COMMISSIONERS' EMPLOYMENT OF COUNSEL ON CONTINGENT FEE—CONTRACT FOR CONTINGENT FEE VALID.

1. Under Const., art. 18, sec. 6, and C. S., secs. 3415, 3428, county commissioners had authority to employ counsel to prosecute suits on a contingent fee basis for recovery against bondsmen for amount of deposits of certain county moneys in closed banks.

2. Contingent fee of twenty per cent of amount recovered to attorneys · for aid in prosecuting county suits to recover from bondsmen certain deposits in closed banks *is not so unreasonable* within C. S., sec. 6576, as to justify setting aside contract.

3. County commissioners' contract with attorneys on contingent fee for prosecuting suits to recover from bondsmen certain deposits in closed banks is not within Const., art. 8, sec. 3, limiting indebtedness of counties, since fee was not to be paid out of revenues of county.

4. Contract of county commissioners with attorneys for prosecution of suits to recover from bondsmen certain deposits in closed banks, being authorized by C. S., sec. 6573, is not invalid because giving control of lawsuits to attorneys.

Publisher's Note.

1. Power of public body to employ attorney on contingent fee, see note in L. R. A. 1917D, 263.

See Attorney and Client, 6 C. J., sec. 316, p. 740, n. 2; p. 741, n. 7.

Counties, 15 C. J., sec. 239, p. 547, n. 58, 59; p. 548, n. 72; sec. 280, p. 580, n. 15 New.

APPEAL from the District Court of the Fifth Judicial District, for Power County. Hon. Ralph W. Adair, Judge.

Action by taxpayers contesting hiring of attorneys on contingent fee basis to aid prosecution of certain county suits. Judgment for respondents. *Affirmed.*

Maurice M. Myers and Oppenheim & Lampert and E. O. Smith, for Appellants.

Contracts with an attorney at law to collect funds of the county on a contingent fee are contrary to public policy and void. (*Platte v. Gerrard,* 12 Neb. 244, 11 N. W. 298; *Storey v. Murphy,* 9 N. D. 115, 81 N. W. 23; *Chester County v. Barber,* 97 Pa. 455.)

A city having no power to run in debt may not employ an attorney on a contingent fee to recover its land when there is no money in the treasury. (*Wallace v. San Jose,* 29 Cal. 180.)

The fee provided for in said contract was unreasonable and excessive. (McQuillin, Municipal Corp., p. 2596, sec. 1175; *Chester County v. Barber,* 97 Pa., pp. 455–463.)

A contingent fee cannot, in the very nature of the case, be a reasonable fee. (*Paul v. Foster,* 71 Vt. 160, 44 Atl. 96; *Waterbury v. Laredo,* 68 Tex. 565, 5. S. W. 81.)

The contract referred to takes from the successors of the contracting county commissioners their full power and control of the lawsuits involved in the seven cases. (McQuillin, Municipal Corp., p. 2580, sec. 1169, p. 2731, sec. 1254.)

Before the authority to hire counsel given to the commissioners of a county can be exercised, the necessity which authorizes it must not only be apparent, but the facts creating it must be made a matter of record. (*Meller v. Logan,* 4 Ida. 44, 35 Pac. 712; *Hampton v. Board of Commrs.,* 4 Ida. 646, 43 Pac. 326.)

R. S. Anderson and Bissell & Bird, for Respondents.

A county may employ special counsel upon a contingent fee basis. (*Miles v. Cheyenne County,* 96 Neb. 703, 148 N. W. 959, L. R. A. 1917D, 258, and note.)

Under the circumstances revealed by the record the employment of special counsel by Power county was such a "necessary" expense as to take such contract of employment out of the inhibitions of art. 8, sec. 3, Const. (*Thomas v. Glindeman,* 33 Ida. 394, 195 Pac. 92; *Hickey v. City of Nampa,* 22 Ida. 41, 124 Pac. 280.)

County commissioners have authority to select and employ private counsel to further the interests of the county, and their selection and employment will not be disturbed by the courts unless there is an abuse of discretion on their part. (*Ravenscraft v. Board of Commrs.,* 5 Ida. 178, 47 Pac. 942; *Anderson v. Shoshone County,* 6 Ida. 76, 53 Pac. 105; 7 Cal. Jur. 458, par. 48; *Woolwine v. Superior Court,* 182 Cal. 388, 188 Pac. 569; *Miles v. Cheyenne County, supra; Morris v. Board of Commrs.,* 25 Colo. App. 416, 139 Pac. 582.)

A contract between county commissioners and private counsel whereby the latter agree to prosecute certain litigation, with the assistance and counsel of the prosecuting attorney, vigorously and, to the best of their ability, does not deprive the commissioners of the direction and control of such litigation. (*Miles v. Cheyenne County, supra.*)

GIVENS, J.—Power county had certain county moneys on deposit with the First National Bank of American Falls and the First State Bank of Rockland secured by depository bonds signed by various individuals, firms and corporations. The banks were closed and placed in the hands of receivers for liquidation. The deposits not being paid, some seven suits were instituted by the county by the authority of respondents as county commissioners against various of the bondsmen to recover the amount of these deposits. Thereafter Bissell & Bird, attorneys, of Gooding, were employed

by the county commissioners to assist the Prosecuting Attorney in these suits, some of the bondsmen having done certain things apparently in line with resisting the county's claims.

The terms of employment were in effect the payment of a retainer fee of $150 for each of the seven suits and a contingent fee of 20 per cent of the amount which should be actually collected in said actions, the retainers to be part of the 20 per cent.

[1] The present action originated as an appeal to the district court by appellant taxpayers, contesting the authority of the county commissioners to make such a contract of employment on a contingent fee basis; that the fee was excessive; that the contract delegated governmental functions or power to the attorneys and took from the commissioners their control of the lawsuits involved; that it exceeded the county's revenue for the current year, contrary to the constitution; and that the necessity for such employment did not appear of record.

*Platte v. Gerrard,* 12 Neb. 244, 11 N. W. 298, and *Storey v. Murphy,* 9 N. D. 115, 81 N. W. 23, are principally relied upon by appellants as sustaining their position that the contract being on a contingent basis is thereby void because contrary to public policy.

In *Platte v. Gerrard, supra,* a firm of attorneys was employed by a board of county commissioners to investigate the county records and call to the attention of the commissioners certain lands which had been erroneously left off the assessment-roll by the assessors. The court first indicated that the county commissioners had no power to employ an attorney in view of the fact that the district attorney was required to act as the attorney for such county, the court, however, conceding that the commissioners had such right, states that the county may not as a mode of compensation for such services " . . . . lawfully bargain away an aliquot part of such of the public revenues as might be affected thereby . . . . " on the ground that " . . . . the giving of contingent fees or compensation for

services rendered to the public is contrary to sound policy;''
without further reason or citing authorities.  The court then
comments upon the fact that the county commissioners and
county clerk should have been able to understand and exe-
cute the law in question without legal advice and that the
contract in question attempted to farm out the public
revenues, and concluding that the contract was illegal.  This
case is to be distinguished from the one herein considered
for several reasons.  First: By the constitution, section 6,
art. 18, county commissioners are expressly empowered to
employ counsel in civil cases when necessary, and by C. S.,
secs. 3415, 3428, are given powers of hiring attorneys and
dominion over civil suits in line with the constitution.  In
the following cases the right of the county commissioners to
employ counsel in suits wherein the county is interested has
been expressly upheld: *Ravenscraft v. Board of Commrs.*,
5 Ida. 178, 47 Pac. 942; *Anderson v. Shoshone County*, 6
Ida. 76, 53 Pac. 105; see, also, 15 C. J. 547, n. 72; 7 Cal.
Juris. 458; *Woolwine v. Superior Court of Los Angeles*, 182
Cal. 388, 188 Pac. 569 (discretion, sec. 2 of syllabus) ; *Morris
v. Board of Commrs. of Adams County*, 25 Colo. App. 416,
139 Pac. 582 (discretion, sec. 7 of syllabus) ; *Miles v. Cheyenne
County*, 96 Neb. 703, 148 N. W. 959, L. R. A. 1917D, 258.
Furthermore, in *Platte v. Gerrard, supra*, the court evidently
makes a point of the fact that by the terms of the contract
the attorneys employed were, in effect, collecting the public
revenues from the taxpayers.  Such is not the situation in
the case at bar, it being apparent that while the money in
the banks undoubtedly consisted to some extent of tax
money, the taxes had already been collected and the respond-
ents were seeking to recover the amount of the county
funds deposited in the banks in question.

In *Storey v. Murphy, supra*, attorneys agreed for a fee
of 25 per cent of all money or land recovered by the
county, for taxes, interest and penalties for certain years,
to collect certain taxes on lands which theretofore had not
been taxed.  The state's attorney was a member of the
firm thus employed.  The court concludes that the statutes

provided an exclusive method for the collection of such delinquent taxes as were covered by the contract, whereby it was incumbent on the state's attorney to carry on such proceeding and that as such official he could not receive fees for such services in addition to his salary, and therefore concluded that the contract was void, expressly holding that:

"*Held,* further, that the question whether county commissioners may, under their implied powers, and in the absence of statutory restrictions, employ counsel to attend to matters in which the county is interested, is not involved in this case, and hence such question is not decided."

*State ex rel. Coleman v. Fry,* 77 Kan. 540, 95 Pac. 392, 16 L. R. A., N. S., 476, cites the last two cases referred to to the proposition that: "A contract by which a board of county commissioners undertakes to employ a private person or firm to render services in aid of the collection of taxes, which services the statute makes it the duty of certain officers to render, is *ultra vires,* against public policy, and void," which proposition on the face of it does not support appellants' contention herein, because while it is the duty of the prosecuting attorney in this state, when called upon, to advise the county and county officers and institute and prosecute actions for the county, the county commissioners have the power and authority to employ other counsel to act either independently of the prosecuting attorney or to act with the prosecuting attorney in such proceedings. To the same effect are *State v. Fry, supra; State ex rel. Miera v. Field,* 24 N. M. 168, 172 Pac. 1136; *State ex rel. Webster v. Board of County Commrs. of Lancaster County,* 20 Neb. 419, 30 N. W. 538, at 544; *State ex rel. v. Goldthait,* 172 Ind. 210, 19 Ann Cas. 737, 87 N. E. 133, at 138; and *Pierson v. Minnehaha County,* 28 S. D. 534, 134 N. W. 212, at 215, 38 L. R. A., N. S., 261. This last case, though citing *Platte v. Gerrard, supra,* at page 216, to the effect that a county might not hire an attorney, is not in point herein, because the court so held because of the absence of a statute authorizing the commissioners to so contract for the employment of the services therein considered. (*Gunn v.*

*Mahaska County,* 155 Iowa, 527, 136 N. W. 929, at 932; *Grannis v. Board of Commrs. of Blue Earth County,* 81 Minn. 55, 83 N. W. 495.)

On the other hand, it has been held that if a duty has not been placed on a particular officer, county commissioners may employ parties to perform such work. (*Von Rosenberg v. Lovett* (Tex. Civ. App.), 173 S. W. 508, at 512.)

C. S., sec. 6576, so far as material herein, provides as follows:

"The measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties, which is not restrained by law."

There is nothing in our statutes which places counties in any different category than that of individuals or private corporations in the employment of an attorney so far as fees are concerned, except the fee must be reasonable (15 C. J. 548), and contingent fees have generally been held a legitimate method of compensation. (6 C. J. 740.)

*Miles v. Cheyenne County, supra,* is the latest and most nearly in point of the cases on counties paying contingent fees and the court therein, after reviewing numerous authorities, including *Platte v. Gerrard, supra,* and *Storey v. Murphy, supra,* arrives at the conclusion that same are not contrary to public policy, and several cases are cited to the same effect in the note to *Miles v. Cheyenne County,* in L. R. A. 1917D, page 258, at 263.

[2] The point is not whether the fee is contingent but whether the fee is reasonable, and a contingent fee might be more reasonable than a flat fee. In the instant case on a contingent fee basis the maximum amount which might be paid the attorneys would be $11,067.03 if the entire $55,335.19 were recovered. On the other hand, if half only of this amount is recovered the contingent fee would be reduced correspondingly. If, however, a flat fee of $11,000 had been agreed upon and only one-half the amount sought were recovered the fee would be in proportion clearly in excess of that based upon a contingency.

In *Waterbury v. Laredo,* 68 Tex. 565, 5 S. W. 81, the statement of facts show that the case is not in point and that the fee therein was clearly unreasonable, the board of aldermen authorizing the employment of counsel to protect the city in its ferry rights across the Rio Grande River where a private ferry company had assumed to exercise an exclusive right to operate such ferry, the attorney to receive $500 as a retainer fee, his employment to continue for a period of five years for which he was to receive annually the sum of $966.66⅔, which sum was one-third of the amount the city was receiving from a person to whom it had leased the ferry.

*Powell v. Foster's Estate,* 71 Vt. 160, 44 Atl. 96, is not in point, as is likewise true of *County of Chester v. Barber,* 97 Pa. St. 455. McQuillin on Municipal Corporations, p. 2596, sec. 1175, merely lays down the rule that the contingent fee must be reasonable. What is a reasonable fee necessarily depends upon the facts and circumstances of each particular case. It is difficult to determine from the record the condition of the seven suits, which respondents were employed to conduct, and the amount of work required in connection therewith. There is a stipulation, however, that the controversy herein was submitted on the records and files in the seven actions in question. Those records and files are not before us and they would of course disclose to quite an extent the amount of work required in the proper handling of those cases. There are also stipulations as to some of the property of some of the sureties and their disposition of the same. The lower court allowed the case to be reopened at which time counsel for respondents said they were willing to stipulate to certain facts relative to some of the property of some of the bondsmen and it is not clear whether this proposed stipulation was agreed to by respondents, although such would appear to be the fact, by reason of the statement by one of the counsel for appellants following such proposal as follows:

"It is stipulated . . . . I think that includes all of the matters of fact."

The facts stipulated show that there was considerable litigation in store for, and some difficulties in the way of, the county recovering the full amount of its deposits, and while 20 per cent perhaps is rather large, in view of the volume of litigation which appeared to be connected with the prosecution of the county's claims for these deposits, we cannot say that the fee was so unreasonable as to justify us in setting aside the contract. As large and larger percentages have been paid and sustained in somewhat similar cases. (*Reed v. Gormley*, 47 Wash. 355, 91 Pac. 1093; *Kelley v. Sersanous*, 5 Cal. Unrep. 485, 46 Pac. 299; *Contra Costa County v. Soto*, 138 Cal. 57, 70 Pac. 1019; *Lassen County v. Shinn*, 88 Cal. 510, 26 Pac. 365; *Knight v. Ashland*, 61 Wis. 233, 21 N. W. 65; *Miles v. Cheyenne County*, *supra*, L. R. A. 1917D, 258, at 263 (note).)

[3] The contingent fee herein provided for was not a charge against nor to be paid out of the revenues of the county, but was to come out of such moneys as might be recovered in the several suits; therefore sec. 3, art. 8, of the constitution does not apply.

The minutes of the board of county commissioners and the contract sufficiently show the necessity for the employment of special counsel and comply with the rule laid down in *Hampton v. Commissioners of Logan County*, 4 Ida. 646, 43 Pac. 324; *Conger v. Board of Commissioners of Latah County*, 4 Ida. 740, 48 Pac. 1064; *Ravenscraft v. Board of Commissioners Blaine County*, 5 Ida. 178, 47 Pac. 942, and *Anderson v. Shoshone County, supra;* 15 C. J. 548; *Sumpter v. Buchanan*, 128 Ark. 498, 194 S. W. 27.

[4] Appellants contend that under the contract the control of the lawsuits was given to the attorneys. If such be the case it would not have been different if the county commissioners had employed the attorneys at a flat fee to conduct the cases to the end. The contract does not do more than is authorized by C. S., sec. 6573, and as commissioners have authority to employ counsel, there is no statute, and our attention has not been called to any rule of law, which would change the general relationship of

attorney and client and the duties and authority of an attorney in the conduct of any case.   McQuillin on Municipal Corporations, p. 2580, sec. 1169, and p. 2731, sec. 1254, is distinguishable on the following ground: The first paragraph cited merely lays down the rule that commissioners cannot delegate their legislative powers, and certainly the conduct of a lawsuit in court is not a legislative function, and the second paragraph says that such board cannot make a contract for the employment of counsel for an unlimited time and irrevocable by their successors, relying on *City of Wilmington v. Bryan,* 141 N. C. 666, 54 S. E. 543, which is not in point here because there the defendant claimed an irrevocable contract with the city after the repeal of the statute under which the defendant was performing services and after the expiration of the term of office of the principal for whom the defendant was agent in rendering such services, the principal being the employee of the city.

The judgment is ordered affirmed, with costs awarded to respondents.

Wm. E. Lee, C. J., and Taylor and T. Bailey Lee, JJ., concur.